361 F.Supp. 636 (1973)
In re FOUR SEASONS SECURITIES LAWS LITIGATION.
State of Ohio v. Crofters, Inc., et al., S.D. Ohio, Civil Action No. 72-81.

No. 55.
Judicial Panel on Multidistrict Litigation.
July 17, 1973.
As Amended August 3, 1973.
*637 Before ALFRED P. MURRAH,[*] Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,[*] JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.
In the above-captioned action, the State of Ohio asserts eleven causes of action alleging violations of federal and state securities laws arising out of Ohio's purchase of certain promissory notes issued by Four Seasons Nursing Centers of America, Inc. (hereinafter Four Seasons). Jack L. Clark, the former president and a director of Four Seasons and one of the defendants named in the Ohio action, has filed a third-party complaint against Arthur Andersen & Company and Walston & Company, seeking indemnity, contribution and reimbursement in the event he is adjudged to be liable to Ohio. Arthur Andersen moves the Panel for an order separating Clark's third-party complaint from the Ohio action and transferring it to the Western District of Oklahoma for coordinated or consolidated pretrial proceedings with the actions previously transferred by the Panel. See In re Four Seasons Securities Laws Litigation, 328 F.Supp. 221 (Jud.Pan.Mult. Lit.1971); 331 F.Supp. 559 (Jud.Pan. Mult.Lit.1971); 344 F.Supp. 1404 (Jud. Pan.Mult.Lit.1972); 352 F.Supp. 962 (Jud.Pan.Mult.Lit.1972); 352 F.Supp. 964 (Jud.Pan.Mult.Lit.1973); 355 F. Supp. 1045 (Jud.Pan.Mult.Lit.1973). Although we have the power, by appropriate orders, to transfer only Clark's third-party claims to Oklahoma, 28 U.S. C. § 1407(a), we find that transfer of both the entire Ohio action and the third-party action will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.
The State of Ohio is empowered by state law to lend funds to private corporations and, pursuant to that authority, it purchased promissory notes issued by Four Seasons in the principal amount of four million dollars. Ohio alleges that in purchasing the notes it relied upon financial and other statements of Four Seasons which presented a materially false and misleading picture of Four Seasons' financial condition. In the third-party action, Clark's claims against Andersen are based upon alleged advice given him by Andersen and upon Andersen's reports on the financial statements of Four Seasons. Clark's claims against Walston are based upon alleged advice and exercise of influence or control over Four Seasons by Walston.
Andersen and Walston are not defendants in the Ohio action and request transfer of only the third-party action to the Western District of Oklahoma. They do not oppose, however, transfer of the entire Ohio action. Clark favors transfer of the entire action, including his third-party claims. The State of Ohio, on the other hand, does not oppose transfer of Clark's third-party claims, but does oppose ultimate transfer of its claims.
We are well advised of the background of this litigation and the pretrial activity in the coordinated or consolidated proceedings pending in Oklahoma before Judge Roszel C. Thomsen. Inasmuch as the third-party plaintiff and defendants (i. e., Clark, Andersen, and Walston) are active participants in those proceedings, we find that transfer of Clark's third-party action to Oklahoma is necessary in order to avoid duplication of discovery and unnecessary inconvenience to the parties and their witnesses.
We also find, however, that transfer of the entire Ohio action to Oklahoma is necessary. In December *638 1972 the transferee judge entered a final judgment approving the settlement of certain class actions in this litigation. Several parties elected to opt-out of the classes established and are proceeding with their discovery in the Oklahoma court. Although Ohio conceded that it was a member of one of the settling classes, it nevertheless sought relief from the final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Judge Thomsen recently filed an opinion in which he held that Ohio should be relieved from the operation of the judgment.[1] Upon the basis of the complaint filed in the Ohio action and the briefs submitted and oral arguments presented to the Panel, we have concluded that most, if not all, of the claims asserted by Ohio are similar to the claims asserted in the actions still pending in this litigation and will involve similar investigation and discovery into the financial records of Four Seasons. By transferring the entire Ohio action at this time, we are assured that Ohio's discovery will not be duplicative of the discovery sought by plaintiffs who opted-out of the class actions and elected to pursue, individually, their claims involving purchases of Four Seasons securities. In addition, such transfer will take advantage of Judge Thomsen's expertise with this complex litigation and will promote the efficient utilization of judicial resources.
Ohio concedes that proof of some of its claims will involve discovery common to the actions still pending in Oklahoma. But it argues that those claims which have nothing in common with the actions previously transferred to Oklahoma should be severed and remanded to the Southern District of Ohio for further pretrial proceedings and trial. However, we are convinced that the transferee judge, with complete familiarity with all aspects of this litigation, is in the best position to ascertain which of the claims asserted by Ohio, if any, are immediately capable of remand. Thus, when he deems it appropriate, Judge Thomsen can recommend to the Panel which of Ohio's claims are ready for remand. See Rule 15(c)(ii), Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 55 F.R.D. LI.
It is therefore ordered that the action State of Ohio v. Crofters, Inc., et al., S. D. Ohio, Civil Action No., 72-81 be, and the same hereby is, transferred to the Western District of Oklahoma under 28 U.S.C. § 1407 and, with the consent of that court, assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are pending in that district.
NOTES
[*] Judge Alfred P. Murrah took no part in the consideration or decision of this matter. Although Judge Becker was unable to attend the hearing, he has, with the consent of all parties, participated in this decision.
[1] In re Four Seasons Securities Laws Litigation, 59 F.R.D. 667 (W.D.Okla. Opinion No. 4Motion of Ohio for Relief from Judgment, filed June 11, 1973.)