In re **MIDWEST MILK MONOPOLIZATION LITIGATION.**

**No. 83.**

Judicial Panel on Multidistrict Litigation.
May 20, 1974.

Second Opinion and Order May 21, 1974.

See also D.C., 380 F.Supp. 880.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III * and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

■ This litigation consists of sixteen actions in six districts involving al-

leged monopolization and restraints of trade within the milk industry by several large milk marketing cooperatives in the midwestern states. Plaintiffs include independent milk producers, processors and distributors as well as retailers, consumers and one state government.

The Panel on its own initiative, pursuant to 28 U.S.C. § 1407(c)(i), issued an order to show cause why all these actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. A defendant in the Western District of Missouri is the only party actively supporting transfer of all actions to that district. All the other responding parties either oppose transfer, express no preference, or suggest alternative transferee districts.

On the basis of the briefs submitted and the hearing held, we find that these actions involve common questions of fact and that transfer of these actions to the Western District of Missouri for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[1]

The parties opposing transfer argue that there is little overlap of factual issues in these actions since each geographically determined milk market is regulated under a different marketing structure. They also contend that counsel involved in these actions have voluntarily cooperated in order to avoid unnecessary duplication of common discovery and thus transfer under Section 1407 is no longer necessary. They further assert that document discovery in the action pending in the Western District of Missouri is complete and available for all parties in this litigation and

---

* Although Judges Wisdom and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. In order to expedite the pretrial processing of this litigation, we previously entered a brief order transferring these actions to the Western District of Missouri for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. This per curiam opinion embodies the reasons for our decision.

that joint depositions are proceeding expeditiously.

These arguments are not sufficient. All the actions allege essentially the same conduct on the part of all defendants and the extensive document discovery reveals large areas of overlapping factual and legal issues. For example, questions of the antitrust impact of Department of Agriculture regulations and questions of the propriety of milk movement and milk marketing have been raised in every action. Although the problem of duplicative discovery may be minimal, transfer of these actions under Section 1407 has the salutary effect of placing control of the pretrial proceedings in this complex litigation in the hands of a single judge who, with an overall perspective of the entire litigation and the continued cooperation of counsel, can schedule the discovery to minimize the expense to the parties and maximize the just and expeditious termination of the litigation. And transfer will eliminate the possibility of inconsistent or conflicting pretrial decisions in the district courts.

Since the Western District of Missouri has become the center of gravity of this litigation, it is the most appropriate transferee district. Document depositories have been established in Kansas City and a large number of future depositions are scheduled to be taken there. And while other concentrations of litigation exist in Illinois and Texas, the action containing the broadest allegations is pending in the Western District of Missouri. Moreover, Judge John W. Oliver is totally familiar with the facts of the litigation because of the advanced nature of the discovery program supervised by him in the action pending in the Western District of Missouri.

It is therefore ordered that all actions on the attached Schedule A pending in districts other than the Western District of Missouri be, and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the action pending in that district and listed on Schedule A.

## SCHEDULE A

### Western District of Missouri

| | |
|---|---|
| Robert B. Alexander, et al. v. The National Farmers Organization, et al. | Civil Action No. 19191–1 |

### Southern District of Texas

| | |
|---|---|
| Marketing Assistance Plan, Inc., et al. v. Associated Milk Producers, Inc. | Civil Action No. CA71–H–841 |
| Sun Tex Dairy, et al. v. Associated Milk Producers, Inc., et al. | Civil Action No. 71–B–26 |
| South Texas Independent Milk Producers Association v. Associated Milk Producers, Inc., et al. | Civil Action No. 71–B–27 |
| Dane O. Petty, d/b/a Petty Dairy, et al. v. Associated Milk Producers, Inc. | Civil Action No. 70–H–319 |
| Norris Food Products, Inc. v. Associated Milk Producers | Civil Action No. 72–H–784 |

### Northern District of Illinois

| | |
|---|---|
| Richard H. Hansen, et al. v. Associated Milk Producers, Inc., et al. | Civil Action No. 72 C 1042 |
| State of Illinois, et al. v. Associated Milk Producers, Inc., et al. | Civil Action No. 72 C 661 |
| Genesis Group, Inc., etc. v. Associated Milk Products, Inc., et al. | Civil Action No. 72 C 934 |
| Sentry Food Stores, Inc., etc. v. Associated Milk Producers, Inc., et al. | Civil Action No. 72 C 888 |
| Oberweis Dairy, Inc. v. Associated Milk Producers, Inc. | Civil Action No. 72 C 1404 |

### Western District of Oklahoma

| | |
|---|---|
| Townley's Dairy Co. v. Associated Milk Producers, Inc. | Civil Action No. Civ–72–167 |

### District of Kansas

| | |
|---|---|
| Hyde Park Dairies, Inc. v. Associated Milk Producers, Inc. | Civil Action No. W–4917 |

### District of Minnesota

| | |
|---|---|
| Ewald Bros., Inc. etc. v. Mid-America Dairymen, Inc., et al. | Civil Action No. 4–72–Civ–153 |
| Northland Milk & Ice Cream Co. v. Mid-America Dairymen, Inc. | Civil Action No. 4–72–Civ–27 |
| Dairy Distributors, Inc. v. Mid-America Dairymen, Inc. | Civil Action No. 4–72–Civ–114 |

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROB-

SON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

## SECOND OPINION AND ORDER
### May 21, 1974.

*The Lawson Milk Co. Div. of Consolidated Foods Corp. v. Milk, Inc., et al.,* N.D. Ohio, Civil Action No. C–73–80.

### PER CURIAM.

■ The Panel previously transferred several actions in the above-captioned litigation to the Western District of Missouri for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Since the above-captioned action appeared to raise common factual issues, the Panel ordered the parties to show cause why this action should not also be transferred to the Western District of Missouri. All the defendants oppose transfer. We find, however, that this action raises questions of fact common to the previously transferred actions and its transfer to the Western District of Missouri under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Defendants argue that the common questions of fact between this action and the previously transferred actions are limited and for the most part already discovered. And they assert that most of the defendants in the *Lawson Milk* action and their alleged illegal activities in the Northern Ohio/Western Pennsylvania milk market are not related to the alleged illegal marketing activities in other regions which form the basis of the previously transferred actions.

These arguments are not persuasive. The *Lawson Milk* action contains allega-

tions of federal antitrust laws violations by Associated Reserve Standby Pool Cooperative and its alleged co-conspirator Associated Milk Producers, Inc. which are similar to the allegations raised against those parties in the actions already transferred to Missouri. Thus, discovery on the economic and conspiratorial issues will clearly overlap the discovery now proceeding apace in Missouri. Only if this action is also transferred to Missouri can we be assured that unnecessary duplication of that discovery will be avoided.

The fact that the *Lawson Milk* action adds a geographic market not previously involved in the transferred litigation is not a barrier to transfer because separate regional conspiracies are also alleged in each of the transferred actions. *Cf., e. g.,* In re Plumbing Fixtures Antitrust Litigation, 295 F.Supp. 33, 34 (Jud.Pan.Mult.Lit.1968) and In re Concrete Pipe Antitrust Litigation, 302 F.Supp. 244, 248 (Jud.Pan.Mult.Lit.1969). And if there are any areas of discovery unique to the *Lawson Milk* action, the transferee judge can exercise his discretion in scheduling pretrial proceedings in a manner which will protect the legitimate interests of those defendants concerned with non-common issues.

It is therefore ordered that the action entitled The Lawson Milk Co. Div. Consolidated Foods Corp. v. Milk, Inc., et al., N.D.Ohio, Civil Action No. C–73–80 be, and the same hereby is, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

---

1. On February 9, 1973, the Panel filed its initial order in this litigation transferring all actions to the Western District of Missouri. The full opinion of the Panel is reported at In re Midwest Milk Monopolization Litiga-

tion, 379 F.Supp. 989 (J.P.M.L., filed May 20, 1974). The Lawson Milk action is a "tag-along case." Rule 1, RPJPML, 53 F.R.D. 119, 120.