### In re **MIDWEST MILK MONOPOLIZATION LITIGATION.**

*Milk, Inc. v. The Keystone Dairy Co., et al.,* W. D. Pennsylvania, Civil Action No. 74–614

**No. 83.**

Judicial Panel on Multidistrict Litigation. Jan. 22, 1975.

**1402**

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL *, Judges of the Panel.

## OPINION AND ORDER

### PER CURIAM.

The Panel previously transferred several actions in this litigation to the Western District of Missouri and, with the consent of that court, assigned them to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1]

Milk, Inc., plaintiff in the above-captioned action, alleges that The Keystone Dairy Co. and Otto Milk Co., Keystone's wholly-owned subsidiary, are contractually indebted to it for approximately $540,000 for milk sold and delivered.

Keystone denies liability for the amounts claimed by plaintiff and asserts a counterclaim wherein it alleges that the contract price sued for includes an illegal monopolistic overcharge resulting from Milk, Inc.'s violation of the antitrust laws. Keystone's counterclaim, like the complaint in the *Lawson Milk* action previously transferred by the Panel,[2] contains allegations of monopolistic practices and conspiratorial price fixing against several milk marketing cooperatives in various Eastern states.

Since the above-captioned action appeared to involve questions of fact common to the actions before the transferee court, the Panel conditionally transferred it to the Western District of Missouri.[3] Milk, Inc. moves to vacate the conditional transfer order, in part, by separating and remanding the claims it asserts to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1407(a). Keystone opposes the motion and favors transfer of the entire action.

We find that the above-captioned action involves questions of fact common to the transferred actions and that its transfer to the Western District of Missouri, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings with the actions pending there will be for the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Although Milk, Inc. does not oppose transfer of Keystone's counterclaim, it contends that separation and remand of its claims for milk sold and delivered is appropriate because they are simple contract claims, which are independent of Keystone's counterclaim and the litigation in the Western District of Missouri.

---

* Although Judges Lord and Weigel were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. In re Midwest Milk Monopolization Litigation, 379 F.Supp. 989 (Jud.Pan.Mult.Lit.

1974) ; 379 F.Supp. 992 (Jud.Pan.Mult.Lit. 1974).

2. 379 F.Supp. 992 (Jud.Pan.Mult.Lit.1974).

3. Rule 12, R.P.J.P.M.L., 53 F.R.D. 119, 123 (1971).

Plaintiff notes that it had an early trial date in the Western District of Pennsylvania and asserts that its farmer-members will be irreparably injured by the delay that will result if its claims are not immediately remanded.

Keystone contends that Milk, Inc.'s claims and its defense and counterclaim are inextricably intertwined because the basis of the defense and counterclaim is the alleged illegality of the very contracts upon which Milk, Inc. grounds its action. Since Otto Milk is being sued only as written guarantor of Keystone's obligations, Keystone asserts that transfer of the entire action is essential to avoid duplication of discovery on the critical issue of the alleged illegality of its contract with Milk, Inc.

■ Inasmuch as Keystone's counterclaim contains allegations of antitrust law violations similar to the allegations made against the same milk marketing cooperatives in actions previously transferred to the Western District of Missouri, transfer of the counterclaim is necessary to avoid duplication of discovery on the crucial economic and conspiratorial issues common to the actions. Indeed, Milk, Inc. concedes that transfer of Keystone's counterclaim is appropriate.

■ The question of separation and remand of Milk, Inc.'s contract claims is more difficult. The Panel is empowered by statute to couple its order of transfer with a simultaneous separation and remand of any claims in an action. *See* 28 U.S.C. § 1407(a). Before we exercise that power, however, we must be convinced that the claims to be returned to the transferor court involve little or no factual overlap with the claims to be transferred.

■ We are not persuaded that Keystone's defense to Milk, Inc.'s contract claims does not involve questions of fact common to its antitrust counterclaim. It may be, on further refinement of the issues and closer scrutiny by the transferee judge, that Keystone's defense and counterclaim are unrelated and that Milk, Inc.'s claims can be remanded to the Western District of Pennsylvania. But we are unwilling, on the basis of the record before us, to make such a determination at this time.

■ Although we are sensitive to the arguments advanced by plaintiff, we believe that they should properly be addressed to the transferee judge. He is in the best position to determine whether Milk, Inc.'s claims are susceptible to immediate remand or whether they are inextricably related to Keystone's defense and counterclaim and the litigation pending in the Western District of Missouri. *See, e. g.,* In re Four Seasons Securities Litigation, 361 F.Supp. 636, 638 (Jud.Pan.Mult.Lit.1973). Should the transferee judge deem an immediate remand of Milk, Inc.'s claims appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 15(c)(ii), R.P.J.P.M.L., 53 F.R.D. 119, 125 (1971), as amended 55 F.R.D. LI (1972).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled Milk, Inc. v. The Keystone Dairy Co., et al., W.D.Pennsylvania, Civil Action No. 74–614, be, and the same hereby is, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.