### In re MIDWEST MILK MONOPOLIZATION LITIGATION.

*Foremost-McKesson, Inc. v. Associated Milk Producers, Inc.*, N.D. Texas, Civil Action No. CA3–74–1220–F.

### No. 83.

Judicial Panel on Multidistrict Litigation.
July 9, 1975.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

The Panel previously transferred several actions in this litigation to the Western District of Missouri and, with the consent of that court, assigned them to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1]

Foremost-McKesson, Inc. (Foremost), plaintiff in the above-captioned action, alleges that Associated Milk Producers, Inc. (AMPI) has violated Sections 1 and 2 of the Sherman Act in certain defined milk marketing order areas in Texas and Arkansas; that it has violated Section 7 of the Clayton Act; and that it has violated the Agricultural Fair Practices Act, the Robinson-Patman Act and the antitrust laws of the State of Texas. More specifically, Foremost, like several plaintiffs in the transferee court, alleges that AMPI instituted and maintained over order "premium" prices for its raw milk, that it forced depressed revenues for non-AMPI members by periodically flooding their markets and that it illegally coerced farmers to join AMPI.

Since the above-captioned action appeared to involve questions of fact common to the actions in the transferee court, the Panel ordered the parties to show cause why it should not likewise be transferred to the Western District of Missouri for inclusion in the coordinated or consolidated pretrial proceedings pending in that district.[2] AMPI opposes transfer or, alternatively, suggests that Foremost's Robinson-Patman Act claim be separated from the remainder of the action and remanded to the Northern District of Texas pursuant to the proviso in subsection (a) of Section 1407. Foremost favors transfer of the entire action.

■ We find that the above-captioned action involves questions of fact common to the previously transferred actions and that its transfer to the Western District of Missouri, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings with the actions pending there will be for the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

AMPI contends that transfer of the *Foremost* action is inappropriate because none of the active actions in the transferee court involves any alleged activity on its part within Texas or Arkansas. This contention is based on AMPI's assertion that settlements in certain actions have eliminated the geographic market involved in *Foremost* from the coordinated or consolidated pretrial proceedings.[3] In addition, AMPI argues that no substantial acceleration in discovery would be achieved by transferring *Foremost* to the Western District of Missouri since this action would likely be placed in a subsidiary discovery schedule by Judge Oliver under his "separate track" discovery procedure.

---

* Although Judge Lord was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

1. In re Midwest Milk Monopolization Litigation, 379 F.Supp. 989 (Jud.Pan.Mult.Lit. 1974); 379 F.Supp. 991 (Jud.Pan.Mult.Lit. 1974); 386 F.Supp. 1401 (Jud.Pan.Mult.Lit. 1975).

2. Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

3. Although AMPI concedes that one of the actions in the transferee district, Schepps Dairy, Inc. v. AMPI, No. 74 CV 603 W–1, could conceivably present issues of fact common to *Foremost*, it maintains that *Schepps* should not properly be considered on the question of transfer now before us, inasmuch as that action has remained dormant since October 1974.

The Panel has previously considered the argument that the different geographically determined milk markets involved in several of the actions in this litigation precludes coordination or consolidation of these actions under Section 1407. *See In re Midwest Milk Monopolization Litigation*, 379 F.Supp. 989, 990 (Jud.Pan.Mult.Lit.1974). In rejecting this argument we observed that "[a]ll the actions allege essentially the same conduct on the part of all defendants and the extensive document discovery reveals large areas of overlapping factual and legal issues." *Id.* at 991. Thus, even if, as AMPI maintains, all the actions involving alleged activity on its part within the Southern United States were no longer actively before the transferee court, we would nonetheless transfer the *Foremost* action. Indeed, as we noted in our opinion in the *Lawson Milk* tag-along action, the addition of "a geographic market not previously involved in the transferred litigation is not a barrier to transfer because separate regional conspiracies are also alleged in each of the transferred actions. (citations omitted)." *In re Midwest Milk Monopolization Litigation*, 379 F.Supp. 991, 992 (Jud.Pan.Mult.Lit.1974). The logic for transferring the *Foremost* action is even more compelling because Judge Oliver has, as a result of his participation in other actions involving AMPI's alleged activities in Texas and Arkansas, gained an insight into the factual and legal questions at issue here.

■ Nor are we impressed by AMPI's contention that a transfer of the *Foremost* action will not necessarily accelerate discovery therein. Any discovery relating to *Foremost* heretofore completed in actions already pending in the transferee district can be made applicable to *Foremost* by utilizing the procedures recommended in the *Manual for Complex Litigation*, Part I, § 3.11 and Part II, § 3.11 (rev. ed. 1973). Indeed, AMPI's failure to agree with Foremost's proposal to stipulate that the discovery done in the transferred litigation shall be applicable to *Foremost* highlights the need for its inclusion in the ongoing coordinated or consolidated pretrial proceedings. Thus, transfer of *Foremost* will ensure the most just and expeditious procession of that action as well as the litigation taken as a whole.

■ AMPI alternatively seeks an order from the Panel separating and remanding Foremost's Robinson-Patman Act claim to the Northern District of Texas pursuant to Section 1407(a). The sole argument made in support of this request is that the Texas court presently has before it certain motions to dismiss filed by AMPI. We see no reason for granting this request, however, because these motions can be presented to and determined by the transferee judge following the transfer we are herewith ordering. *See In re Plumbing Fixture Cases*, 298 F.Supp. 484, 495–96 (Jud. Pan.Mult.Lit.1968).

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled *Foremost-McKesson, Inc. v. Associated Milk Producers, Inc.*, N.D.Texas, Civil Action No. CA3–74–1220–F, be, and the same hereby is, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.