## In re FRANKLIN NATIONAL BANK SECURITIES LITIGATION.

### Securities & Exchange Commission v. Franklin New York Corp., et al., E. D. N. Y., Civil Action No. 75 C 682

### No. 196.

Judicial Panel on Multidistrict Litigation.

Feb. 2, 1976.

### REMAND ORDER

JOHN MINOR WISDOM, Chairman.

On April 30, 1975, the Panel filed an order pursuant to 28 U.S.C. § 1407 transferring the above-captioned action along with three other actions to the Eastern District of New York for coordinated or consolidated pretrial proceedings with six actions pending in that district and, with the consent of that court, assigned the litigation to the Honorable Orrin G. Judd. *In re Franklin National Bank Securities Litigation,* 393 F.Supp. 1093 (J.P. M.L.1975). Recently, Judge Judd has recommended to the Panel the remand of this action under R.P.J.P.M.L. 11(c)(ii), 65 F.R.D. 253, 261 (1975). As a result of this suggestion, the Panel issued an order to show cause why this action should not be remanded to the Southern District of New York. R.P.J.P. M.L. 11(c)(iii), *id.*

Two of the defendants in this lawsuit, Sindona and Crosse, oppose remand. Defendants argue that remand is inappropriate until they complete all discovery which is essential to their defense preparations for a trial in this action. The Securities & Exchange Commission, on the other hand, favors remand, relying on Judge Judd's memorandum suggesting remand. *See In re Franklin National Bank Securities Litigation* (E.D. N.Y., filed September 30, 1975).

Generally, the Panel gives great deference to a transferee judge's suggestion that an action pending before him for Section 1407 treatment is ripe for remand. *In re IBM Peripheral EDP Devices Antitrust Litigation,* 407 F.Supp. 254 (J.P.M.L., filed January 22, 1976); *In re Multidistrict Civil Actions Involving the Air Crash Disaster Near Dayton, Ohio, on March 9, 1967,* 386 F.Supp. 908, 909 (J.P.M.L.1975). *See also In re Midwest Milk Monopolization Litigation,* 386 F.Supp. 1401, 1403 (J.P.M.L.1975); *In re Four Seasons Securities Laws Litigation,* 361 F.Supp. 636, 638 (J.P.M.L.1973). We see no reason to deviate from this rule in the matter before us. Hence, upon consideration of the papers submitted, the hearing held and Judge Judd's memorandum suggesting remand, we find that remand of this action to the transferor court pursuant to 28 U.S.C. § 1407(a) is appropriate.

Moreover, we make no decision concerning the question whether the June 4, 1975 amendment to Section 21 of the Securities Exchange Act of 1934 has retroactive application to Securities & Exchange Commission actions transferred under Section 1407 prior to the effective date of that amendment.

It is therefore ordered that the above-captioned action be, and the same hereby

is, remanded to the Southern District of New York for further proceedings.