## In re MIDWEST MILK MONOPOLIZATION LITIGATION.

*The Page Dairy Company v. Milk, Inc., et al.,* N.D. Ohio, Civil Action No. 75–439.

### No. 83.

Judicial Panel on Multidistrict Litigation.

Aug. 18, 1977.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III[*], STANLEY A. WEIGEL, ANDREW A. CAFFREY, and ROY W. HARPER[*], Judges of the Panel.

### PER CURIAM.

The Panel, pursuant to 28 U.S.C. § 1407, previously transferred several actions in this litigation to the Western District of Missouri and, with the consent of that court, assigned them to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings.[1]

Defendants in the above-captioned action (*Page*) are Milk, Inc. (Milk), a marketing association; Great Lakes-Southern Milk, Inc. (Great Lakes), a federation of agricultural marketing associations of which Milk is a member; and Orrville Milk Company (Orrville), a subsidiary of Milk. Plaintiff in this action alleges that defendant have violated Sections 1 and 2 of the Sherman Act and Section 7 of the Clayton Act. More specifically, it is alleged that (i) through mergers, consolidations and acquisitions, Milk has lessened competition and created a monopoly in the production and sale of raw milk in North Central and Northwestern Ohio, Northeastern Indiana and Southeastern Michigan (the relevant geographic market), (ii) Milk and Great Lakes have eliminated competition by dividing territories and by entering into exclusive business relationships with processors and producers, (iii) Milk, Great Lakes, and Great Lakes' members have acted and conspired to fix the price of raw milk above that set by federal regulators, and (iv) Milk has used Orrville to control the supply of milk, fix prices and restrict competition in the relevant geographic market.

Milk is also a defendant and a counterclaim defendant in two previously transferred tag-along actions, *Lawson*[2] and *Keystone*,[3] respectively. *Lawson* was transferred from the Northern District of ohio, and *Keystone* was transferred from the Western District of Pennsylvania. In each of those actions, Milk is charged with violating Sections 1 and 2 of the Sherman Act, Section 3 of the Clayton Act, and the Agricultural Fair Practices Act of 1967. Some of the specific allegations against Milk in those actions are that it and various co-conspirators monopolized trade and commerce in raw milk by controlling in excess of 80% of the raw milk regulated by the federal government in the Eastern Ohio/Western Pennsylvania market area, and that Milk and its co-conspirators fixed prices above the federal floor, excluded competitors, entered into exclusive dealing contracts with suppliers, processors, and customers, and coerced others to join the conspiracy.

Milk moves the Panel for an order pursuant to 28 U.S.C. § 1407 transferring *Page* to the Western District of Missouri for coordinated or consolidated pretrial proceedings with the actions previously transferred there. The plaintiff opposes transfer. We find that *Page* raises questions of fact common to the previously transferred actions and that *Page*'s transfer to the Western District of Missouri will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[4]

Most of plaintiff's contentions in opposition to transfer have been considered and

---

[*] Judges Lord and Harper took no part in the consideration or decision of this matter.

[1.] *In re Midwest Milk Monopolization Litigation*, 379 F.Supp. 989 (Jud.Pan.Mult.Lit. 1974); 379 F.Supp. 991 (Jud.Pan.Mult.Lit. 1974); 386 F.Supp. 1401 (Jud.Pan.Mult.Lit. 1975); and 398 F.Supp. 676 (Jud.Pan.Mult.Lit. 1975).

[2.] 379 F.Supp. 991 (Jud.Pan.Mult.Lit.1974).

[3.] 386 F.Supp. 1401 (Jud.Pan.Mult.Lit.1975).

[4.] All parties waived their right to oral argument and, accordingly this matter was submitted for decision on the briefs. *See* Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

rejected by the Panel in earlier opinions concerning this litigation. Plaintiff here argues, as was argued when we considered the transfer of *Lawson,* that the shared questions of fact between *Page* and the previously transferred actions are limited and for the most part already discovered. Plaintiff contends that the applicability of one of the two Federal Milk Marketing Orders involved in *Page,* and defendants' alleged illegal conduct with respect to plaintiff, are unique to this action. It is further asserted that transfer would impose a severe financial hardship on plaintiff and that cooperation of counsel is a suitable alternative to transfer.

These arguments remain unpersuasive. The *Page* action contains allegations of federal antitrust law violations by Milk that raise questions of fact common to those raised against Milk in the previously transferred *Lawson* and *Keystone* actions. Absent transfer of *Page,* discovery concerning these violations could be needlessly duplicated. Of course any discovery unique to *Page* may be scheduled by the transferee judge to proceed concurrently with the common pretrial matters. *See In re Midwest Milk Monopolization Litigation,* 379 F.Supp. 991, 992 (Jud.Pan.Mult.Lit.1974).

Moreover, we have held that the benefits of having all actions in this litigation controlled by a single judge who can schedule discovery to minimize the expense to all parties and maximize opportunities for the just and expeditious termination of this litigation outweigh the benefits arising solely from voluntary cooperation of counsel. *In re Midwest Milk Monopolization Litigation,* 379 F.Supp. 989, 990–91 (Jud.Pan.Mult.Lit. 1974). We are sensitive to plaintiff's concern about the cost of transfer, but we are confident that the judicious use of liaison counsel, lead counsel and steering committees would result in an overall net savings of time, effort and expense and eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation,* Part 1, §§ 1.90–1.93 (rev.ed.1973).

Should transfer be ordered, plaintiff requests that the Panel remand *Page* and *Lawson,* and retransfer *Keystone,*[5] to the Northern District of Ohio. In the absence of a suggestion from the transferee judge for remand of these actions, however, we find the question of remand premature. *See In re Holiday Magic Securities and Antitrust Litigation,* 433 F.Supp. 1125, 1126 (Jud.Pan.Mult.Lit., filed July 6, 1977); *In re Midwest Milk Monopolization Litigation,* 386 F.Supp. 1401, 1403 (Jud.Pan.Mult.Lit. 1975). Furthermore, in the past we have been extremely reluctant to order retransfer, and we find no basis for retransfer here. *See In re Petroleum Products Antitrust Litigation, supra,* 419 F.Supp. at 719.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled *The Page Dairy Company v. Milk, Inc., et al.,* N.D.Ohio, Civil Action No. 75–439 be, and the same hereby is, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district.

---

**5.** Technically, plaintiff asks for remand of *Keystone* to the Northern District of Ohio also. While the Panel can only remand *Keystone* to its transferor court, the Western District of Pennsylvania, the Panel has, on one occasion, upon a showing of unique circumstances, retransferred an entire multidistrict docket. We are therefore viewing plaintiff's request regarding *Keystone* in its most favorable light by treating it as a request for retransfer. *Compare In re Delta Airlines Inc. Flight Attendant Weight Standards Litigation,* 411 F.Supp. 795, 797 (Jud.Pan.Mult.Lit.1976) *with In re Petroleum Products Antitrust Litigation,* 419 F.Supp. 712, 718–20 (Jud.Pan.Mult.Lit.1976).