## In re MIDWEST MILK MONOPOLIZA-TION LITIGATION.

*Westmoreland Farm Dairy, Inc. v. Associated Milk Producers, Inc., et al.,* S.D. Texas, Civil Action No. 74–H–543

*Associated Milk Producers, Inc. v. Certified Grocers of Illinois, Inc.,* W.D.Wisconsin, Civil Action No. 77 C 60

*Central Milk Producers Cooperative v. Certified Grocers of Illinois, Inc.,* W.D.Wisconsin, Civil Action No. 77 C 95

### No. 83.

Judicial Panel on Multidistrict Litigation.

Dec. 7, 1977.

### OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III *, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel.

### PER CURIAM.

### I. OVERVIEW

The Panel, pursuant to 28 U.S.C. § 1407, previously transferred several actions in this litigation to the Western District of Missouri and, with the consent of that court, assigned them to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings.[1]

#### A. *Westmoreland*

The first of the above-captioned actions (*Westmoreland*) was brought in the Southern District of Texas on April 19, 1974, by Westmoreland Farm Dairy, Inc. (Westmoreland), a purchaser and marketer of milk. Defendants are Associated Milk Producers, Inc. (AMPI), a large milk marketing and producers' cooperative; and Borden, Inc. (Borden), a company which, like plaintiff Westmoreland, is a purchaser and marketer of milk. AMPI has been a party to more than twenty other actions in this liti-

---

* Judge Lord took no part in the decision of this matter.

**1.** *In re Midwest Milk Monopolization Litigation,* 379 F.Supp. 989 (Jud.Pan.Mult.Lit.1974);

379 F.Supp. 991 (Jud.Pan.Mult.Lit.1974); 386 F.Supp. 1401 (Jud.Pan.Mult.Lit.1975); 398 F.Supp. 676 (Jud.Pan.Mult.Lit.1975); and 435 F.Supp. 930 (Jud.Pan.Mult.Lit.1977).

gation, but Borden and Westmoreland are parties only to this action. One or both of the defendants are charged with various violations of the federal antitrust laws, including: (i) monopolizing the market for raw fluid milk in the South Texas Marketing Area (an area defined by federal agricultural regulations); (ii) engaging in predatory pricing activities designed to depress prices paid to non-members of AMPI; (iii) entering into exclusive dealing contracts with customers, members of AMPI, and milk haulers, and (iv) granting illegal kickbacks and subsidies to companies that are in competition with Westmoreland, such as defendant Borden. AMPI has counterclaimed against Westmoreland for sums allegedly due for milk sold to Westmoreland.

Class action certification was denied in *Westmoreland*, and it is proceeding as an individual action. *Westmoreland* had been scheduled for trial in the Southern District of Texas during July or August of 1977 by the Honorable Ross N. Sterling. On July 14, 1977, Judge Sterling denied Westmoreland's request for a postponement of the trial date. We have been advised that after the present motion for transfer of *Westmoreland* under 28 U.S.C. § 1407 was filed, however, he removed the action from his trial docket pending the Panel's decision on the question of transfer.

### B. *Wisconsin Actions*

The second and third above-captioned actions were brought in the Western District of Wisconsin, one by AMPI and the other by Central Milk Producers Cooperative (CMPC), another milk marketing and producers' cooperative. Defendant in both actions is Certified Grocers of Illinois, Inc. (Certified), a wholesale grocery and dairy company that purchased raw milk from plaintiffs and plaintiffs' members. Plaintiffs charge Certified with refusing to pay sums due and with violations of state agricultural cooperative laws by coercing milk

producers to refrain from joining or continuing to be members of AMPI or CMPC.

Certified has filed a joint counterclaim charging AMPI and CMPC with violations of the federal antitrust laws. More specifically, in that counterclaim AMPI and CMPC are alleged to have eliminated competition in the production, marketing and pricing of raw milk in the Chicago marketing area by means of illegal acquisitions, exclusionary contracts, boycotts, diversion of supplies, and improper subsidies and kickbacks. Some or all of these allegations are also asserted against AMPI and CMPC in six actions presently pending in the transferee district that were transferred from the Northern District of Illinois and in one action that was recently remanded by the Panel from the transferee district to the Northern District of Illinois at the suggestion of Judge Oliver.[2]

### C. *Proceedings Before the Panel*

Plaintiff Westmoreland moves the Panel pursuant to 28 U.S.C. § 1407 for an order transferring *Westmoreland* to the Western District of Missouri for coordinated or consolidated pretrial proceedings with the actions previously transferred there. AMPI and Borden oppose transfer.

The Panel has issued an order conditionally transferring the Wisconsin actions to the Western District of Missouri under Section 1407 for inclusion in the coordinated or consolidated pretrial proceedings in that district.[3] AMPI and CMPC oppose transfer of their claims against Certified, but favor transfer of Certified's counterclaim. Certified opposes transfer of all claims and opposes separation of the primary claims from the counterclaim. In the alternative, if transfer is deemed desirable, Certified moves that the two Wisconsin actions be transferred to the Northern District of Illinois for coordinated or consolidated pretrial proceedings with the recently remanded action pending in that district.

---

2. An eighth action involving the two defendants and most of these allegations was dismissed in the transferee district.

3. *See* Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259 (1975).

## II. HOLDING AND REASONING

We find that transfer of *Westmoreland* at this time would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. We further find that the Wisconsin actions raise questions of fact common to previously transferred actions in this litigation and that transfer of the Wisconsin actions to the Western District of Missouri will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[4]

### A. *Westmoreland*

■ We agree with the movant that *Westmoreland* contains allegations of federal antitrust law violations that raise questions of fact common to previously transferred actions in this litigation. We note, however, that the processing of *Westmoreland* has proceeded in the Southern District of Texas for over three and one half years, a trial date had been set in that action, a request for postponement of trial had been denied by Judge Sterling, and only the decision by Judge Sterling to delay the start of the trial pending the Panel's determination has prevented the action from being tried by now. Thus, it is apparent that the Texas court deems pretrial activities in *Westmoreland* to be either completed or very near completion and that trial of *Westmoreland* is imminent. Under these circumstances, transfer of *Westmoreland* is unwarranted. *See In re Celotex Corp. "Technifoam" Products Liability Litigation*, 68 F.R.D. 502, 505 (Jud.Pan.Mult.Lit.1975).

### B. *The Wisconsin Actions*

■ Certified argues that little of the discovery that has been completed in the transferee district would be relevant to the Wisconsin actions because those actions involve violations alleged to have occurred during a time period different from the time periods in the complaints in most of the actions in the transferee district. Certified also contends that, like the recently remanded Illinois action, the Wisconsin actions are brought by direct purchasers of raw milk in the Chicago marketing area, and that if the remanded action no longer belongs in the transferee district, then neither do the Wisconsin actions. Finally, Certified urges that most of the witnesses and documents relevant to the Wisconsin actions will be found in the Chicago area, and therefore it suggests that if transfer is deemed appropriate by the Panel, the Wisconsin actions should be transferred to the Northern District of Illinois where they can be coordinated or consolidated for pretrial proceedings with the remanded action.

These arguments are unpersuasive. Several actions now pending in the transferee district, including two actions in which AMPI and CMPC are charged with antitrust violations committed within the Chicago milk marketing area, involve time periods that overlap the time period involved in the Wisconsin actions. Because the Wisconsin actions thus share questions of fact with actions in the transferee district, transfer of the Wisconsin actions is necessary to prevent needlessly duplicative discovery and otherwise further the purposes of Section 1407. Since the record before us reveals the commonality of the two Wisconsin actions with actions currently in the transferee district, the fact that a related action has been remanded to Illinois provides no basis to exclude the Wisconsin actions from the centralized proceedings in the transferee district, nor does that fact provide any justification for transferring the Wisconsin actions to the Northern District of Illinois. We observe that the recently remanded Illinois action was pending in the transferee district for over four years prior to its remand, and that AMPI and CMPC, which are parties to that action, agreed that it had become appropriate for remand, whereas here those parties favor transfer of the counterclaim for inclusion in

---

4. All parties in *Westmoreland* and the Wisconsin actions waived their right to oral argument and, accordingly, the question of transfer of these actions under Section 1407 was submitted for decision on the briefs. *See* Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975).

the Section 1407 proceedings in the transferee district.

Of course, witnesses will likely be deposed in proximity to where they reside regardless of transfer under Section 1407, *see* Fed.R.Civ.P. 45(d)(2); Certified need not participate in pretrial proceedings unrelated to the Wisconsin actions, *see, e. g., Manual for Complex Litigation,* Part I, § 2.31 (rev. ed. 1977); and the transferee judge has broad discretion to allow discovery on any issues unique to the Wisconsin actions to proceed concurrently with the common pretrial matters, *see In re Midwest Milk Monopolization, supra,* 435 F.Supp. at 932. Moreover, procedures are available to make discovery heretofore completed in the transferee district applicable to the Wisconsin actions. *See Manual, supra,* at Parts I & II, §§ 3.11.

The Panel is empowered, pursuant to 28 U.S.C. § 1407(a), to couple its order of transfer with a simultaneous separation and remand of any claims in an action. AMPI and CMPC, however, have failed to present any reasons in support of their opposition to transfer of their claims against Certified. Accordingly, we see no reason at the present time to exclude those claims from the coordinated or consolidated pretrial proceedings. *See In re Midwest Milk Monopolization Litigation, supra,* 386 F.Supp. 1402–03.

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407 to transfer the action entitled *Westmoreland Farm Dairy, Inc. v. Associated Milk Producers, Inc., et al.,* S.D.Texas, Civil Action No. 74–H–543, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions entitled *Associated Milk Producers, Inc. v. Certified Grocers of Illinois, Inc.,* W.D.Wisconsin, Civil Action No. 77 C 60, and *Central Milk Producers Cooperative v. Certified Grocers of Illinois, Inc.,* W.D.Wisconsin, Civil Action No. 77 C 95, be, and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court,

assigned to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings with the actions already pending in MDL–83.

