In re MIDWEST MILK MONOPOLIZATION LITIGATION.

*Page Milk Company et al. v. Associated Milk Producers, Inc., E. D. Wisc., C.A. No. 75–C–238*

No. 83.

Judicial Panel on Multidistrict Litigation.

Jan. 29, 1980.

## OPINION AND ORDER

Before MURRAY I. GURFEIN, Chairman, and ANDREW A. CAFFREY, ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, and ROBERT H. SCHNACKE, Judges of the Panel.

### PER CURIAM.

The Panel, pursuant to 28 U.S.C. § 1407, previously transferred several actions in this litigation to the Western District of Missouri and, with the consent of that court, assigned them to the Honorable John W. Oliver for coordinated or consolidated pretrial proceedings. *In re Midwest Milk Monopolization Litigation,* 379 F.Supp. 989 (Jud.Pan.Mult.Lit.1974); 379 F.Supp. 992 (Jud.Pan.Mult.Lit.1974); 386 F.Supp. 1401 (Jud.Pan.Mult.Lit.1975); 398 F.Supp. 676 (Jud.Pan.Mult.Lit.1975); 435 F.Supp. 930 (Jud.Pan.Mult.Lit.1977); and 441 F.Supp. 930 (Jud.Pan.Mult.Lit.1977). Claims in the actions included in MDL–83 charge many large milk marketing and producers' cooperatives with violating the federal antitrust laws by monopolizing and restraining trade in several geographic areas within the milk industry. Judge Oliver has been trying the lead case in the MDL–83 actions for over two years, having ·heard the last live witness in June, 1979.

*Page* was brought in the Eastern District of Wisconsin on April 28, 1975, by two companies engaged in the processing, handling, distribution and sale of milk in the Midwest. The defendant is Associated Milk Producers, Inc. (AMPI), an agricultural cooperative marketing association formed in 1969 as a successor to 36 or more regional cooperatives. AMPI has been a defendant in more than twenty actions pending in MDL–83. Plaintiffs allege that AMPI has conspired, in violation of Sections 1 and 2 of the Sherman Act, to restrain and monopolize trade in milk since at least 1966. More specifically, AMPI is claimed, *inter alia,* to have deliberately foreclosed and eliminated alternative sources of milk supply reasonably available to the plaintiffs and other processors; eliminated competing producers of milk from the market by depressing prices and by requiring processors to enter into full supply contracts with AMPI; interfered with efforts by the plaintiffs to purchase milk from independent milk producers and other processors; forced independent producers of milk to join AMPI; eliminated independent processors and independent milk producers by acquiring the business and assets of processors and producers; and extracted from plaintiffs and other processors a premium over prices set by federal milk marketing orders. Other actions in the transferee district raise identical claims against AMPI and other defendants. Plaintiffs also allege that AMPI has discriminated directly and indirectly in the price of milk and milk products, and has also discriminated in commissions, allowances, and services regarding milk products, all in violation of the Robinson-Patman Act.

The Panel has issued an order to show cause why *Page* should not be transferred to the Western District of Missouri for coordinated or consolidated pretrial proceedings with the actions pending there in MDL–83. *See* Rule 10(b), R.P.J.P.M.L., 78 F.R.D. 561, 568 (1978). AMPI supports transfer of *Page,* and plaintiffs oppose transfer. We find that transfer of *Page* at this time would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.

AMPI asserts that *Page* raises questions of law and fact common to those raised in other actions against AMPI previously transferred to the Western District of Missouri, such as whether AMPI has eliminated competition in, and monopolized the sale and supply of, milk in AMPI's marketing area by various means including acquisi-

tions, exclusionary contracts, boycotts, diversion of supplies and milk pooling practices. AMPI urges that transfer of *Page* will avoid duplicative discovery, will prevent inconsistent pretrial rulings, and will result in an overall savings of time, expense and effort.

While we agree that *Page* contains allegations of federal antitrust law violations that raise questions of fact common to those in previously transferred actions in this litigation, we are nevertheless persuaded that transfer of *Page* is presently unnecessary. We note that *Page* has been pending in the Eastern District of Wisconsin for over four and one half years and AMPI, one of the original defendants in MDL–83 in the transferee district, has previously made no effort to bring the pendency of *Page* to the Panel's attention for consideration of inclusion in Section 1407 proceedings in the transferee district.[1] Now, not only have pretrial proceedings already been concluded in the lead action in the transferee district, but the lead action itself has been in trial for over two years. Moreover, AMPI acknowledged at oral argument before the Panel that pretrial on the common questions of fact in this litigation has for the most part been completed in the transferee district. Transcript at 11–13. Under these circumstances, we conclude that transfer of *Page* is unwarranted.

We observe that suitable alternatives to Section 1407 transfer are available to mini-

mize the possibility of duplication with respect to the remaining discovery in *Page*. Any party could ask the judge supervising *Page* to issue an order to show cause why the discovery already completed in the MDL–83 actions in the transferee district should not be made applicable to *Page*. Or the parties could stipulate that that discovery could be used in *Page*. *See In re Raymond Lee Organization, Inc. Securities Litigation*, 446 F.Supp. 1266, 1268 (Jud.Pan. Mult.Lit.1978). In addition, communication and cooperation between the Wisconsin and Missouri courts, if deemed appropriate by those courts, along with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings. *See In re Eli Lily & Co. (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp. 242, 244 (Jud. Pan.Mult.Lit.1978).

IT IS THEREFORE ORDERED that the order to show cause filed on October 23, 1979, with respect to the action entitled *Page Milk Company, et al. v. Associated Milk Producers, Inc.*, E.D.Wisconsin, C.A. No. 75–C–238, be, and the same hereby is, VACATED.

---

1. Panel Rule 10(e), *supra*, 78 F.R.D. 568, which was adopted in August, 1978, provides as follows: "Any party in actions previously transferred under Section 1407 . . . shall notify the Clerk of the Panel of any potential 'tag-along actions' in which that party is also named."