### In re CELOTEX CORPORATION "TECHNIFOAM" PRODUCTS LIABILITY LITIGATION.

Judicial Panel on Multidistrict Litigation. Sept. 16, 1975.

## OPINION AND ORDER

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER *, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the panel.

PER CURIAM.

This litigation consists of ten actions pending in four districts: seven in the District of Minnesota and one each in the Northern District of Georgia, the Northern District of Alabama and the District of Maryland. Every action involves the alleged fire and related hazards of certain cellular plastic insulation products generally known as "Technifoam" and manufactured by The Celotex Corporation (Celotex).

The term cellular plastics is a general description for a group of foamed or expanded plastics, including polystyrenes, urea formaldehydes, isocyanurates and polyurethanes. These plastics can be used in the production of lightweight, durable insulation capable of maintaining an ambient temperature, using a minimum of physical space. Polyurethane insulation can be produced as a board-like material that can be nailed or glued into position. All of the actions in this litigation involve such board-like insulating materials, the only kind of urethane marketed by Celotex.

Plaintiffs in each of the actions have either suffered fire losses or asserted structural damage claims as a result of alleged defects in Technifoam. The fire loss claims arise from fires in which it is alleged that the flammability characteristics of Technifoam were responsible for the rapid and uncontrollable spread of the fire and resultant damage. The structural damage claims are brought by owners of existing structures who contend that because of its flammability characteristics, Technifoam installed in their buildings makes them unreasonably dangerous, defective and hazardous.

Various theories of recovery are relied upon. These include strict liability; negligence in development, testing, manufacture, marketing and failure to warn; breach of express and implied warranties; and fraudulent misrepresentation as to the fire retardant or fire safe characteristics of the Technifoam used in the plaintiffs' premises.

Celotex is a defendant in all actions, while additional defendants are involved in three of the actions. The *Havemeier* and *Irvine* actions in Minnesota each include a builder as a defendant and the Alabama action adds a builder and an electrical supplier.

■■ This matter is before the Panel on its own order to show cause [1] why these actions [2] should not be transferred

---

* Although Judges Wisdom, Robson and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. 28 U.S.C. § 1407(c)(1); R.P.Jud.Pan. Mult.Lit. 8, 65 F.R.D. 253, 258–59 (1975).

2. There are numerous other actions pending in federal and state courts against manufacturers of cellular plastic insulation. The Panel, of course, does not have the power under Section 1407 to consider the propriety of coordinated or consolidated pretrial proceedings in state court actions. And since

to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. The defendant builder in the Alabama action favors transfer. Plaintiffs in the Minnesota and Georgia actions favor transfer with the Alabama action excluded. Celotex opposes transfer but suggests that if the actions are sent to a single district, the Middle District of Florida, the Northern District of Georgia or the District of Minnesota would be the only appropriate transferee courts. The additional defendants in *Havemeier* and *Irvine* oppose any transfer or inclusion of their action in such a transfer, as do plaintiffs in the Maryland action. Plaintiffs in the Alabama action also oppose inclusion of their action in any transfer but urge that if their action is included, the Northern District of Alabama should be selected as the transferee court.

We find that these actions involve common questions of fact and that their transfer under Section 1407 to the District of Minnesota, with the exception of the Alabama action, will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Celotex concedes that the actions in this litigation share common questions of fact, but argues that transfer is inappropriate because any duplication concerning these questions can be avoided by a stipulation among the parties providing for the use of all discovery in every action. Celotex bolsters its argument in opposition to Section 1407 treatment by contending that most of the factual issues in each of these actions are different because the various claims involve Technifoam manufactured at different times and sold by different persons and relate to installations of the product in different places, under different conditions, at different times. These factors, it is asserted, are in addi-

tion to the unique issues of fact regarding the particular fires and damages. Moreover, Celotex maintains that since each of the actions is jurisdictionally grounded on diversity of citizenship, another point militating against transfer is the unlikelihood of pretrial matters involving the same questions of law.

Plaintiffs in the Maryland action urge that little will be gained by transfer inasmuch as the only question of fact common to these actions is Celotex's knowledge of the flammability of Technifoam prior to its sale. And the defendants other than Celotex in the *Havemeier* and *Irvine* actions in Minnesota suggest that inclusion of the two actions against them in Section 1407 litigation is unwarranted because they would become unnecessarily involved in pretrial proceedings and issues of fact and law that are not pertinent to the single actions in which they are named.

These arguments are unpersuasive. There are, in our view, key common factual questions in all the actions pertaining to the flammability hazards posed by Technifoam, Celotex's knowledge thereof, its subsequent conduct, the adequacy of testing and Celotex's marketing practices. Thus, transfer under Section 1407 is necessary in order to prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings. While we commend the parties efforts to secure a stipulation to make discovery applicable to all actions, the institution of Section 1407 proceedings will ensure that discovery will transpire but once and, at the same time, will also streamline the rest of the pretrial process through the involvement and supervision of only a single judge in a single district.

We recognize that each of the actions may involve unique factual issues. Discovery on those issues, however, may be scheduled by the trans-

---

the federal court actions not presently before the Panel do not appear to involve a single, primary, common defendant, it is our view

that acting sua sponte with respect to any of those actions is inappropriate at the present time.

feree judge to proceed concurrently with the common discovery and thereby both aspects of the litigation will advance harmoniously. *See In re Republic National-Realty Equities Securities Litigation*, 382 F.Supp. 1403, 1405–06 (Jud. Pan.Mult.Lit.1974). And although each action may raise legal issues regarding application of the law of a particular state, this is an insufficient ground for denying transfer of this litigation under Section 1407 since such issues can be presented to and resolved by the transferee judge. *See In re Air Crash Disaster Near Papeete, Tahiti, on July 22, 1973*, 397 F.Supp. 886, 887 (Jud.Pan. Mult.Lit.1975) ; *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 495–96 (Jud. Pan.Mult.Lit.1968).

The presence of defendants in addition to Celotex in some of the actions before us does not merit the exclusion of those actions from coordinated or consolidated pretrial proceedings. An examination of the relevant complaints reveals that any liability of the additional defendants may rest on what information was transmitted to them by Celotex concerning the flammability of Technifoam. Hence, discovery on the questions of fact involving those defendants is tied to the other common discovery. In any event, as we alluded to in the preceding paragraph, the transferee judge may fashion a pretrial schedule to accommodate any individual factual issues concerning a particular defendant. Furthermore, the additional defendants need not participate in discovery unrelated to the single actions in which they are involved. *See, e.g., Manual for Complex Litigation*, Part I, § 2.31 (rev. ed. 1973).

Although the *Kirby* action in Alabama shares common factual questions with the other actions in this litigation, all but one [3] of the responding parties have suggested, and we agree,

that it should not be included in the coordinated or consolidated pretrial proceedings we are herewith ordering. All the actions are at a relatively early stage with the exception of *Kirby*, which was originally scheduled for trial on April 16, 1975, and subsequently continued until September 29, 1975. Since discovery in that action has apparently been completed, nothing will be achieved by coupling it with the remainder of the actions.

Clearly, the District of Minnesota is the appropriate transferee forum for this litigation. Inasmuch as no actions are pending in the Middle District of Florida, we are reluctant to transfer this litigation there. *See In re Air Crash Disaster Near Papeete, Tahiti, on July 22, 1973, supra* at 887. And, other than the pendency of a single action in the Northern District of Georgia, there is little reason to select that district as the transferee forum. By way of comparison, seven of the nine actions to be included in the Section 1407 proceedings are already pending in the District of Minnesota. Moreover, the Minnesota actions are at a more advanced stage of development than either the Maryland or Georgia actions and, therefore, significant economies of time and effort will accrue by transferring this litigation there.

It is therefore ordered that transfer of the action entitled *James Kirby, et al. v. Gold Kist, Inc., et al.*, N.D. Alabama, Civil Action No. CA–74–485–NE be, and the same hereby is denied.

It is further ordered that, pursuant to 28 U.S.C. § 1407, the remaining actions listed on the following Schedule A and pending in districts other than the District of Minnesota be, and the same hereby are, transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable

---

3. Gold Kist, Inc., a defendant in *Kirby* only, submitted a response to the Panel in favor of *Kirby's* inclusion in Section 1407 proceedings but did not comment on the issue of the readiness of that action for trial.

Charles R. Weiner, sitting by designation under 28 U.S.C. § 292(d), for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

SCHEDULE A

**District of Maryland**

| | |
|---|---|
| F. Cort Clifford, et ux. v. The Celotex Corp. | Civil Action No. HM–75–194 |

**Northern District of Georgia**

| | |
|---|---|
| W. F. Cash, Jr., et al. v. The Celotex Corp. | Civil Action No. C–75–4–G |

**District of Minnesota**

| | |
|---|---|
| Earl H. Engvall, et al. v. The Celotex Corporation | Civil Action No. 4–74–254 |
| Donald & Mineko Johnson, et al. v. The Celotex Corporation | Civil Action No. 4–74–455 |
| William A. Gillis, et al. v. The Celotex Corporation | Civil Action No. 4–74–456 |
| Paul Skarie & Sons, Inc., et al. v. The Celotex Corporation | Civil Action No. 4–74–457 |
| Lloyd G. Havemeier v. The Celotex Corporation, et al. | Civil Action No. 4–74–634 |
| William Burkhardt, et al. v. The Celotex Corporation | Civil Action No. 4–74–663 |
| Kenneth Irvine v. The Celotex Corporation, et al. | Civil Action No. 4–75–50 |

**Northern District of Alabama**

| | |
|---|---|
| James Kirby, et al. v. Gold Kist, Inc., et al. | Civil Action No. CA–74–L–485–NE |