**In re TRANSOCEAN TENDER OFFER SECURITIES LITIGATION.**

**No. 223.**

Judicial Panel on Multidistrict Litigation.

May 21, 1976.

As Amended May 26, 1976.

## OPINION AND ORDER

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

In late 1974, Vickers Energy Corporation, a wholly-owned subsidiary of Esmark, Inc. and majority shareholder of TransOcean Oil, Inc., commenced a tender offer for the approximately six million remaining shares of TransOcean. While this tender offer was in progress, various minority shareholders of TransOcean instituted three actions, each in a different federal district: the Northern District of Illinois, the Southern District of New York, and the Eastern District of Louisiana. Defendants in each action include TransOcean, Vickers, Esmark, and certain directors and officers of each of these corporations, named both individually and in their corporate capacities.

Each action alleges that defendants violated various federal securities laws because of false and misleading representations and omissions of material fact in the tender offer circular. Moreover, each ac-

[*] Judge Murrah was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

tion charges defendants with breaches of common law fiduciary duties owed to the minority shareholders of TransOcean in connection with the tender offer. In addition, the Illinois action was commenced derivatively on behalf of TransOcean based on business transactions between TransOcean and subsidiaries of Esmark. Finally, the complaint in the Louisiana action alleges that defendants violated Sections 1 and 2 of the Sherman Act, as well as certain state securities and antitrust statutes.

Both the Illinois and Louisiana courts have held that the actions in their respective courts are maintainable as class actions on behalf of all TransOcean minority stockholders, including those who tendered TransOcean stock to Vickers pursuant to the tender offer. The New York plaintiffs have opted-out of both classes.

In addition to these three federal actions, a fourth action arising out of Vickers' tender offer was instituted in Delaware state court against Vickers, Esmark and the members of TransOcean's board of directors. This action was established as a class action on behalf of the minority shareholders of TransOcean. Plaintiffs in the New York action, as well as several class members in the Illinois action, apparently chose to opt-out of the class. The complaint included claims under common law principles relating to: (1) fiduciary duties allegedly owed by defendants to TransOcean's minority shareholders; and (2) fraud based on alleged misrepresentations and omissions of material facts in the tender offer circular. In January 1976, the Delaware court rendered judgment for defendants.

Defendants Esmark and Vickers, jointly and on behalf of TransOcean and the individual defendants, now move the Panel for an order transferring all the federal actions in this litigation to the Northern District of Illinois or any other appropriate district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Plaintiffs in the Illinois action favor transfer to the Northern District of Illinois, whereas plaintiffs in the New York and Louisiana actions oppose the motion. If transfer is deemed appropriate by the Panel, however, plaintiffs in the New York action believe the Southern District of New York to be the most suitable transferee forum, while plaintiffs in the Louisiana action alternatively suggest the Eastern District of Louisiana or the Southern District of New York.

We find that these actions raise common questions of fact and that their transfer to the Northern District of Illinois under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Both the Louisiana and New York plaintiffs concede that their actions share questions of fact in common with the Illinois action. Nevertheless, the New York plaintiffs, relying on *In re Scotch Whiskey Litigation,* 299 F.Supp. 543 (J.P.M.L.1969), argue that transfer is inappropriate because movants have failed to show that the minimal number of actions in this litigation share unusually complex questions of fact. The New York plaintiffs also assert that the judgment in the related Delaware state court class action may bar whole areas of the Illinois and Louisiana actions. Arguing that this judgment is not binding on them since they opted-out of the Delaware class, the New York plaintiffs contend that it would be unduly prejudicial and burdensome to require them to participate in coordinated or consolidated pretrial proceedings which may center, in great part, on the res judicata and collateral estoppel effects of the Delaware court's decision. In addition, they maintain that the New York action involves certain unique factual issues, including the defense of *in pari delicto,* which are not raised in either the Louisiana or Illinois actions. Finally, both the New York and Louisiana plaintiffs point out that the parties already have attempted to coordinate depositions and other discovery procedures, and argue that voluntary cooperation among counsel could eliminate any possibility of duplicative discovery.

These arguments are not persuasive. On the basis of the record before us, we believe that these actions share numerous complex factual questions concerning the adequacy

of the tender offer circular which can be most expeditiously resolved by transfer of this litigation to a single district for coordinated or consolidated discovery and other pretrial proceedings. Moreover, the fact that the Illinois and Louisiana actions are being processed on behalf of virtually the same class demands transfer to a single forum in order to eliminate unnecessary duplication in the class action arena. *See In re Clark Oil and Refining Corporation Antitrust Litigation*, 364 F.Supp. 458, 459 (J.P.M.L.1973). Furthermore, the likelihood of motions for partial dismissal and summary judgment in all three actions grounded at least in part on the Delaware proceedings makes Section 1407 treatment additionally necessary to prevent conflicting pretrial rulings and conserve judicial effort.

■ We note that discovery and other pretrial preparation in the New York action may differ, in some respects, from the pretrial procedures in the Louisiana and Illinois actions, and that each of the latter actions may involve distinct questions as well. The transferee judge, however, has the broad discretion to design a pretrial program that will ensure that the needs of each party for any unique discovery or individual judicial attention can be accommodated concurrently with the conduct of common pretrial matters. *See In re Republic National-Realty Equities Securities Litigation*, 382 F.Supp. 1403, 1405–06 (J.P.M.L. 1974). And while we commend the efforts of the parties to informally cooperate in the discovery process, placing these actions in the hands of a single judge pursuant to Section 1407 will ensure the streamlining of discovery and the rest of the pretrial proceedings as well. *See In re Celotex Corporation "Technifoam" Products Liability Litigation*, 68 F.R.D. 502, 504 (J.P.M.L.1975); *In re Midwest Milk Monopolization Litigation*, 379 F.Supp. 989, 991 (J.P.M.L.1974).

■ The Northern District of Illinois, on balance, stands out as the most appropriate transferee forum for this litigation. The tender offer was apparently drafted in Chicago, and Esmark, the principal corporate defendant in terms of ultimate ownership of the other two corporate defendants, has its headquarters there. As a result, many of the key documents and witnesses are found in the Chicago area. Moreover, the Illinois action is more advanced than either of the other actions in this litigation. Judge Joel M. Flaum, to whom the Illinois action has been assigned, has had more of an opportunity to become familiar with the complex issues involved in this litigation than his counterparts in the other two actions and, therefore, is in the best position to supervise these actions toward their most just and efficient conclusion. *See In re Griseofulvin Antitrust Litigation*, 395 F.Supp. 1402, 1403 (J.P.M.L.1975).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Northern District of Illinois be, and the same hereby are, transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Joel M. Flaum for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action already pending there and listed on Schedule A.

SCHEDULE A

**Southern District of New York**

| College Retirement Equities Fund, et al. v. Esmark, Inc., et al. | Civil Action No. 75 Civ. 3837 |
|---|---|

**Northern District of Illinois**

| Lillian H. McNally, et al. v. Esmark, Inc., et al. | Civil Action No. 74C2985 |
|---|---|

**Eastern District of Louisiana**

| Frank S. Normann, et al. v. Vickers Energy Corp., et al. | Civil Action No. 74–2825 |
|---|---|