**In re SOUTHERN PACIFIC TRANSPORTATION COMPANY EMPLOYMENT PRACTICES LITIGATION.**

**No. 262.**

Judicial Panel on Multidistrict Litigation.

April 4, 1977.

OPINION AND ORDER

PER CURIAM.

This litigation consists of sixteen actions pending in two districts: fifteen in the Southern District of Texas,[1] and one in the Western District of Texas. Southern Pacific Transportation Company is a defendant in each action, and various labor unions are added as defendants in four of the Southern District of Texas actions. Plaintiffs allege that defendants have violated Title VII of the Civil Rights Act of 1964 by engaging in

illegal employment practices. The complaints in the actions in the Southern District of Texas basically allege that these discriminatory practices include (1) failing and refusing to hire Black, Spanish-surnamed and female employees for higher paying, more desirable jobs and (2) adherence to discriminatory promotional, transfer and seniority policies. The complaint in the Western District of Texas action alleges that defendant Southern Pacific has discriminated against Blacks and Mexican Americans by maintaining unlawful employment practices in general and unlawful hiring practices in particular.

Eleven of the fifteen actions pending in the Southern District of Texas are purported class actions. Eight of these purported class actions are brought on behalf of past, present and potential Black employees of Southern Pacific;[2] two are brought on behalf of past, present and potential Spanish-surnamed American employees of Southern Pacific; and plaintiff in one action purports to represent all past, present and potential female employees of Southern Pacific. In addition, the Equal Employment Opportunity Commission (EEOC) has filed a "pattern and practice" suit in the Southern District of Texas alleging systematic discrimination by Southern Pacific based upon race, national origin and sex at its facilities in Houston, El Paso, San Antonio and New Orleans. Finally, the action pending in the Western District of Texas is brought on behalf of a class composed of Black and Mexican American persons who have applied for employment with Southern Pacific or who are or might be employed by Southern Pacific.

Plaintiffs in two of the actions pending in the Southern District of Texas move the Panel for an order transferring the Western District of Texas action to the Southern

---

1. One of the actions now pending in the Southern District of Texas had originally been filed in the Western District of Louisiana. Since the Panel hearing on this matter, that action was transferred to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

2. Plaintiffs in four of these actions have restricted the class they seek to represent to past, present or potential Black employees at Southern Pacific's Houston facility. Plaintiff in one of these four actions also purports to represent all Southern Pacific employees who have been discriminated against because of their age.

District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending there. The EEOC and plaintiffs in five other Southern District of Texas actions join in the motion. Only the defendant labor unions oppose transfer.

We find that these actions raise common questions of fact and that transfer of the Western District of Texas action to the Southern District of Texas under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.[3]

The labor union defendants argue that the actions in this litigation do not share common questions of fact. Moreover, the unions contend, their interests would be unduly prejudiced by transfer because they are parties to only four of the actions pending in the Southern District of Texas and are not involved in the action sought to be transferred to that district.

These arguments are unpersuasive. A comparison of the complaint in the Western District of Texas action with the complaints in the actions pending in the Southern District of Texas reveals that these actions share many common questions of fact concerning defendant Southern Pacific's hiring and other employment practices. Indeed, the allegations by the EEOC encompass the allegations of all other plaintiffs in this litigation. Moreover, the purported classes in the Western District of Texas action and in several of the Southern District of Texas actions present the possibility of conflicting class determinations. Thus, transfer under Section 1407 is necessary in order to prevent both duplication of discovery and inconsistent pretrial rulings. *See In re Ryder Truck Lines, Inc. Employment Practices Litigation*, 405 F.Supp. 308, 309 (Jud.Pan. Mult.Lit.1975).

We note that no party to the Western District of Texas action objects to its transfer to the Southern District of Texas for coordinated or consolidated pretrial pro-

ceedings with the actions pending there. The actions that include as defendants the labor unions, the only parties which oppose the motion before us, would be pending in the Southern District of Texas regardless of the transfer we are herewith ordering. Since the degree and manner of coordination or consolidation among the various actions is solely within the discretion of the transferee judge, *see In re Equity Funding Corporation of America Securities Litigation*, 375 F.Supp. 1378, 1384 (Jud.Pan.Mult. Lit.1974), any requests by the labor unions for individual treatment should be presented to the transferee judge. In any event, we find that the labor unions' concern about Section 1407 proceedings prejudicing their interests is wholly without merit because the very nature of coordinated or consolidated pretrial proceedings under Section 1407 is to further the just and efficient conduct of the entire litigation. *See In re National Airlines, Inc. Maternity Leave Practices and Flight Attendant Weight Program Litigation*, 399 F.Supp. 1405, 1407 (Jud.Pan.Mult.Lit.1975).

The Southern District of Texas is clearly the most appropriate transferee forum for this litigation. Fifteen of the sixteen actions are already pending in that district. *See In re Celotex Corp. "Technifoam" Products Liability Litigation*, 68 F.R.D. 502, 505 (Jud.Pan.Mult.Lit.1975). And the action containing the broadest allegations, the EEOC action, is one of the actions already pending there. *See In re Piper Aircraft Distribution System Antitrust Litigation*, 405 F.Supp. 1402, 1404 (Jud.Pan.Mult.Lit. 1975).

IT IS THEREFORE ORDERED that the action listed on the following Schedule A and pending in the Western District of Texas be, and the same hereby is, transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Woodrow B. Seals for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions

---

**3.** The parties waived their right to oral argument and, pursuant to Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264 (1975), the question of transfer under Section 1407 was submitted for decision on the basis of the papers filed.

pending in that district and listed on Schedule A.

## SCHEDULE A

### Southern District of Texas

| | |
|---|---|
| V. L. Cross, etc. v. Southern Pacific Transportation Co., et al. | Civil Action No. 73–H–1074 |
| Clyde R. Morales, etc. v. Southern Pacific Transportation Co. | Civil Action No. 74–H–700 |
| Charlie Norton, etc. v. Southern Pacific Transportation Co., et al. | Civil Action No. 74–H–793 |
| Johnny Mack Brown, etc. v. Southern Pacific Transportation Co. | Civil Action No. 74–H–846 |
| W. L. Jackson, etc. v. Southern Pacific Transportation Co. | Civil Action No. 74–H–847 |
| Herbert Milburn, etc. v. Southern Pacific Transportation Co. | Civil Action No. 74–H–1611 |
| Edward J. Smith v. Southern Pacific Transportation Co., et al. | Civil Action No. 75–H–90 |
| Lillian M. Griffin, etc. v. Southern Pacific Transportation Co. | Civil Action No. 75–H–642 |
| Equal Employment Opportunity Commission v. Southern Pacific Transportation Co., et al. | Civil Action No. 75–H–1227 |
| Melvin A. Obey v. Southern Pacific Transportation Co. | Civil Action No. 75–H–1357 |
| David Lozano, Jr. v. Southern Pacific Transportation Co. | Civil Action No. 75–H–1789 |
| John Boyd v. Southern Pacific Transportation Co. | Civil Action No. 75–H–2197 |
| Ricardo Diaz Barron, etc. v. Southern Pacific Transportation Co. | Civil Action No. 76–H–224 |
| Edward L. Downey, etc. v. Southern Pacific Transportation Co. | Civil Action No. 76–H–804 |
| Vincent Alexander v. Southern Pacific Transportation Co., et al. | Civil Action No. 76–H–2105 |

### Western District of Texas

| | |
|---|---|
| Joseph A. Bristol, et al. v. Southern Pacific Transportation Co. | Civil Action No. EP 75–CA–146 |