# In re AIRPORT CAR RENTAL ANTITRUST LITIGATION.

## No. 338.

Judicial Panel on Multidistrict Litigation.

March 28, 1978.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III,* STANLEY A. WEIGEL, ANDREW A. CAFFREY * and ROY W. HARPER, Judges of the Panel.

* Judges Lord and Caffrey took no part in the decision of this matter.

PER CURIAM.

This litigation consists of six actions pending in five districts—two in the Northern District of California and one each in the Central District of California, the Western District of Texas, the Southern District of Ohio and the Southern District of Florida. Plaintiff in one of the Northern California actions is Dollar Rent A Car System (*Dollar* action). Plaintiffs in the other five actions are Budget Rent A Car Corporation and various Budget franchises (*Budget* actions). Hertz Corporation (Hertz) and Avis Rent A Car System, Inc. (Avis) are named as defendants in all six actions and National Rent A Car System, Inc. (National) is presently named as a defendant in the five *Budget* actions.[1] Hayes Leasing Company (Hayes), allegedly an Avis franchise, is named as a defendant in the *Budget* action pending in Texas.

The allegations are substantially the same in the complaints in all six actions. Plaintiffs charge that the defendants have conspired in violation of, *inter alia,* Sections 1 and 2 of the Sherman Act to restrain trade unreasonably and to monopolize trade in the market of car rental concessions located on airport premises. Auto rentals at on-airport concessions allegedly account for more than two-thirds of all auto rentals. Plaintiffs allege that defendants have engaged in the following practices, *inter alia,* in furtherance of the conspiracy: (1) Defendants have established contractual criteria and eligibility requirements for auto rental concessions at airports that are designed to exclude competitors from the on-airport auto rental market; (2) Defendants have in bad faith opposed applications from other competitors for entry into the on-airport auto rental market; (3) Defendants have induced airport officials to prohibit advertising at airports by car rental companies other than defendants; (4) Defendants have harassed smaller competitors to prevent them from penetrating the on-airport auto rental market; (5) Defendants have

1. National was originally a defendant in the *Dollar* action also. National has been dismissed from that action, however, pursuant to a settlement between National and Dollar.

induced airport officials to exclude competitors; and (6) Defendants have engaged in predatory pricing practices to eliminate competition and then have arbitrarily raised prices after competition has been destroyed.

Several parties move the Panel pursuant to 28 U.S.C. § 1407 for transfer of the actions pending in districts other than the Northern District of California to that district for coordinated or consolidated pretrial proceedings with the actions pending there. Only partial opposition to the motions has been expressed. Plaintiff Dollar opposes inclusion of the *Dollar* action in Section 1407 proceedings and defendant Hayes requests that the claims against it in the Texas action be excluded from transfer by separation and simultaneous remand of those claims.

■ We find that these six actions [2] involve common questions of fact concerning the alleged conspiratorial activities of the defendants and that centralization of these actions in the Northern District of California for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Dollar mainly argues that because pretrial proceedings in the *Dollar* action are much further advanced than pretrial proceedings in any of the *Budget* actions, progress in the *Dollar* action would be delayed if the *Dollar* action were coordinated or consolidated with the *Budget* actions. Hayes, noting that it is a defendant in only one of the six actions, asserts that the factual and legal issues concerning Hayes are unique, that discovery relating to Hayes will be geographically localized, and that therefore the claims against Hayes should be allowed to proceed separately.

■ Since the *Dollar* action is already pending in the district we have selected as the transferee forum for this litigation, we believe that the question of whether the *Dollar* action should be included in the coordinated or consolidated pretrial proceedings, and if so to what extent, is more properly left to the discretion of the transferee judge. *See In re Liquid Carbonic Truck Drivers Chemical Poisoning Litigation*, 423 F.Supp. 937, 939 (Jud.Pan.Mult.Lit.1976); *In re National Airlines, Inc. Maternity Leave Practices and Flight Attendant Weight Program Litigation*, 399 F.Supp. 1405, 1406–07 (Jud.Pan.Mult.Lit.1975). Dollar's concern about Section 1407 proceedings delaying progress in the *Dollar* action is wholly without merit because the very nature of those proceedings is to ensure the most expeditious processing of the entire litigation. *Id.* at 1407. We note that procedures are available to make discovery already completed in the more advanced *Dollar* action applicable to the other actions. *See Manual for Complex Litigation*, Parts I and II, §§ 3.11 (rev.ed.1977).

■ The fact that Hayes is a defendant in only one action does not *ipso facto* merit the exclusion of the claims against it from transfer under Section 1407. An examination of the Texas complaint reveals that Hayes' liability may rest on what information was exchanged between it and the other defendants concerning the elements of the alleged conspiracy that is common to all actions and to all claims in those actions. Hence, discovery on the questions of fact involving Hayes is tied to the other common discovery. *See In re Celotex Corporation "Technifoam" Products Liability Litigation*, 68 F.R.D. 502, 504–05 (Jud.Pan.Mult.Lit. 1975). Of course, Hayes need not participate in pretrial proceedings unrelated to the claims against it, *see, e.g., Manual for Complex Litigation*, Parts I and II, §§ 2.31 (rev.ed.1977), and the transferee judge has broad discretion to design a pretrial program that will allow discovery on any issues unique to Hayes to proceed independently of and concurrently with the common pretrial matters, *see In re Republic National-Realty Equities Securities Litigation*, 382

---

**2.** One party advises the Panel that another related action is presently pending in the Southern District of New York—*ERC Industries, Inc., et al. v. Hertz, Inc., et al.*, C.A. No. 77 Civ. 2524. This action will be treated as a tag-along action. *See* Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259–60 (1975).

F.Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit. 1974). Furthermore, witnesses will likely be deposed in proximity to where they reside, thereby minimizing any inconvenience to Hayes that may result from transfer under Section 1407. See Fed.R.Civ.P. 45(d)(2). The transferee judge will have the best vantage point to determine whether the claims against Hayes are ready for remand, and if he reaches that conclusion, he may recommend that the Panel remand those claims. Rule 11, R.P.J.P.M.L., 65 F.R.D. 253, 260–63 (1975). See In re Midwest Milk Monopolization Litigation, 386 F.Supp. 1401, 1403 (Jud.Pan.Mult.Lit.1975); In re Four Seasons Securities Laws Litigation, 361 F.Supp. 636, 638 (Jud.Pan.Mult. Lit.1973).

The Northern District of California is clearly the most appropriate transferee district for this litigation. The two actions pending in that district are already being coordinated by the Honorable Charles B. Renfrew, the pretrial proceedings in one of those actions are well advanced, and he thus has had an opportunity to become acquainted with the issues involved in this litigation. Accordingly, transfer to the Northern District of California will best expedite all the actions. See In re Griseofulvin Antitrust Litigation, 395 F.Supp. 1402, 1403 (Jud.Pan.Mult.Lit.1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in districts other than the Northern District of California be, and the same hereby are, transferred to the Northern District of California, and with the consent of that court, assigned to the Honorable Charles B. Renfrew for coordinated or consolidated pretrial proceedings with the actions already pending there and listed on Schedule A.

### SCHEDULE A

**Southern District of Florida**

| | |
|---|---|
| Budget Rent A Car Co. of Florida Inc., et al. v. The Hertz Corp., et al. | Civil Action No. 77–3467–Civ–CA |

**Southern District of Ohio**

| | |
|---|---|
| Byrnic, Inc., et al. v. The Hertz Corp., et al. | Civil Action No. C–1–77–594 |

**Central District of California**

| | |
|---|---|
| Budget Rent-A-Car of Washington-Oregon, Inc., et al. v. The Hertz Corp., et al. | Civil Action No. CV77–3967–DWW |

**Western District of Texas**

| | |
|---|---|
| Texas Auto Services, Inc. v. The Hertz Corp., et al. | Civil Action No. A–77–CA–200 |

**Northern District of California**

| | |
|---|---|
| Dollar Rent A Car Systems, Inc. v. Hertz Corp., et al. | Civil Action No. C75–2650–CBR |
| Budget Rent A Car Corp., et al. v. The Hertz Corp., et al. | Civil Action No. C77–0876–CBR |