459 F.Supp. 1006 (1978)
In re AIRPORT CAR RENTAL ANTITRUST LITIGATION.
Pacific Auto Rental Corp., etc. v. The Hertz Corp., et al., D. Hawaii, C.A. No. C78-0197
No. 338.
Judicial Panel on Multidistrict Litigation.
November 15, 1978.
Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.
The Panel previously centralized several actions in this litigation in the Northern District of California for coordinated or consolidated pretrial proceedings before the Honorable Charles B. Renfrew. In re Airport Car Rental Antitrust Litigation, 448 F.Supp. 273 (Jud.Pan.Mult.Lit.1978) (MDL-338 actions). Plaintiffs in the MDL-338 actions include Dollar Rent A Car System (Dollar), Budget Rent A Car System, Inc. (Budget System), Budget Rent A Car Corp. (the latter two collectively referred to as Budget parties), and various Budget franchises. Plaintiff in one MDL-338 action seeks to represent a class comprised of all Budget franchises in the United States. Defendants in the MDL-338 actions are Hertz Corp. (Hertz), Avis Rent A Car System, Inc. (Avis), National Rent A Car System, Inc. (National), and an Avis franchise in Texas.
The allegations by the plaintiffs in the MDL-338 actions are essentially that the defendants have conspired in violation of, inter alia, Sections 1 and 2 of the Sherman Act to restrain trade unreasonably and to *1007 monopolize trade throughout the United States in the market of car rental concessions located on airport premises.
The above-captioned action (Hawaii action) has been brought by a Dollar franchise in Hawaii.[1] Defendants are Hertz, Avis, National and Budget System, allegedly the only companies that have car rental facilities located on the premises of Honolulu International Airport. Plaintiff in the Hawaii action alleges that the defendants have conspired in violation of, inter alia, Sections 1 and 2 of the Sherman Act to restrain trade unreasonably and to monopolize trade in the market of car rental concessions located on the premises of Honolulu International Airport and in the State of Hawaii. The significant difference between the Hawaii action and the MDL-338 actions is that Budget System, a plaintiff in one of the MDL-338 actions, is named as a defendant in the Hawaii action.
Because the Hawaii action appeared to involve common questions of fact with the MDL-338 actions, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 65 F.R.D. 253, 259-60 (1975), entered an order conditionally transferring the Hawaii action to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings occurring there. Plaintiffs in all the MDL-338 actions oppose transfer. Plaintiff in the Hawaii action and defendants Hertz, Avis and National favor transfer.
We find that the Hawaii action and the MDL-338 actions involve common questions of fact and that transfer pursuant to 28 U.S.C. § 1407 of the Hawaii action to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.
Although the opponents of transfer assert that the Hawaii action is significantly different in scope from the MDL-338 actions, they do not deny that the Hawaii action and the MDL-338 actions involve common questions of fact. Rather, they focus their arguments on the contention that the ongoing pretrial proceedings in the transferee district would be disrupted by inclusion of the Hawaii action in those proceedings. Opponents assert that since the date transfer was originally ordered by the Panel, counsel for the Budget parties have taken a leading role in coordinating pretrial activity on behalf of all plaintiffs in the MDL-338 actions. If the Hawaii action, which names Budget System as a defendant, is included in the centralized actions by transfer under Section 1407, Budget System would thereafter be precluded from discussing pretrial strategy and sensitive discovery material with the other plaintiffs or the other defendants, and the ongoing pretrial proceedings in MDL-338 would be substantially disrupted, opponents maintain.
We find these arguments unpersuasive. The national conspiracy alleged in the MDL-338 actions necessarily encompasses the statewide conspiracy alleged in the Hawaii action, and therefore the Hawaii action and the MDL-338 actions clearly involve many common questions of fact. As a result, discovery and other pretrial proceedings essential to development of the claims in the Hawaii action will overlap discovery and other pretrial proceedings that are integral to the MDL-338 actions. Inclusion of the Hawaii action in the coordinated or consolidated pretrial proceedings in the transferee district is thus necessary in order to prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings and streamline all other pretrial proceedings.
The fact that Budget System finds itself in an awkward position as one of the plaintiffs in the MDL-338 actions and one of the defendants in the Hawaii action is not a persuasive reason for the Panel to deny transfer where, as is true here, the criteria for transfer under Section 1407 are otherwise *1008 satisfied. See In re Corrugated Container Antitrust Litigation, 447 F.Supp. 468, 470-71 (Jud.Pan.Mult.Lit.1978); In re Sugar Industry Antitrust Litigation, 437 F.Supp. 1204, 1206-08 (Jud.Pan.Mult.Lit. 1977). Budget System's dilemma will persist whether these actions are pending in a single district or in separate districts for pretrial proceedings.[2] The concern of Budget System about the role or roles it shall continue to play in the various actions to which it is a party is best addressed to a single judge  the transferee judge for this litigation. He has become thoroughly familiar with the issues involved in this litigation, and therefore is clearly in the best position fully to consider and monitor the effects of the issues presented by Budget System regarding its participation in the coordinated or consolidated pretrial proceedings. See id. Any unique discovery needs of Budget System and any antagonistic interests among the parties may be accommodated by the transferee judge in designing the pretrial program. See In re Corrugated Container Antitrust Litigation, supra, 447 F.Supp. at 471.
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled Pacific Auto Rental Corp., etc. v. The Hertz Corp., et al., D.Hawaii, C.A. No. C78-0197, be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Charles B. Renfrew for coordinated or consolidated pretrial proceedings with the actions pending there.
ROY W. HARPER, Judge of the Panel, dissents from this opinion.
NOTES
[1] Dollar was initially a plaintiff in the Hawaii action also but, pursuant to its own motion, was dismissed as a plaintiff in that action.
[2] If Budget System feels in an equivocal position, Budget System could consider hiring independent counsel to represent Budget System in its different capacities in this litigation.