OPINION AND ORDER
PER CURIAM.
The Panel, pursuant to 28 U.S.C. § 1407, previously transferred an action from the Central District of California to the District of Arizona for coordinated or consolidated pretrial proceedings with several actions pending there. In re Cement and Concrete ■ Antitrust Litigation, 437 F.Supp. 750 (Jud. Pan.Mult.Lit.1977). Twenty-eight actions in this docket are presently pending in the transferee district. Plaintiffs in the actions in the transferee district include a variety of purchasers of cement and cement products, including ready-mix concrete. Representation of several different classes of purchasers of cement and cement products has been sought in these actions. Included are classes comprised of specific groupings of purchasers, such as building materials dealers, general building and paving contractors, or subcontractors engaged in the installation of floor and wall tile; and classes which are geographically defined, embracing purchasers within the states of Arizona, California, Colorado, Kansas, Oregon, or Texas, or within the entire United States. *1300 Defendants include the Portland Cement Association (PCA) (a trade group composed of over 40 major cement producers), and a number of producers of cement and cement products. The complaints in these actions charge defendants with conspiring to fix, maintain and stabilize the price of cement and cement products in violation of, inter alia, Section 1 of the Sherman Act, 15 U.S.C. § 1. Several complaints allege a national conspiracy while other complaints allege conspiracies within specific states.
The five above-captioned actions (Missouri, Utah, Nebraska, New Mexico and Montana actions) have each been brought by a specific state as a class action. The states of Nebraska and Montana seek to represent all persons and entities within the respective state that have built or caused to be built any structure containing cement or cement products. The states of Missouri, Utah and New Mexico each seek to represent the named state, its various departments and agencies, and all other political subdivisions and governmental entities within the state, excluding agencies of the United States Government, that have purchased cement and cement products. Defendants include the PCA and a number of producers of cement and cement products. All defendants in these five actions have also been named as defendants, in one or more of the actions in the transferee district. The complaint in each of the five actions charges defendants and unnamed co-conspirators with conspiring to fix, maintain and stabilize the price of cement and cement products within the relevant state in violation of, inter alia, Section 1 of the Sherman Act.
Because the Missouri action appeared to share questions of fact with the actions in this litigation previously centralized in the District of Arizona, the Panel, pursuant to Rule 9, R.P.J.P.M.L., 78 F.R.D. 561, 567-68 (1978), entered an order conditionally transferring the Missouri action to the District of Arizona for inclusion in the coordinated or consolidated pretrial proceedings occurring there. Plaintiff State of Missouri and all plaintiffs in the actions in the transferee district favor transfer. All defendants in the Missouri action oppose transfer.
Pursuant to Rule 10(b), R.P.J.P.M.L., id at 568, the Panel ordered the parties to show cause why the Utah, Nebraska, New Mexico and Montana actions should not be transferred to the District of Arizona for inclusion in the centralized pretrial proceedings. Plaintiffs in each of these four actions favor transfer. Three defendants that are named in each of the four actions oppose transfer at the present time. The other 42 defendants in the Nebraska action oppose transfer of that action at the present time.
We find that these five actions involve common questions of fact with the previously centralized actions and that transfer under Section 1407 of these five actions to the District of Arizona for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.
Defendants in the Missouri action assert that the factual questions involved in the Missouri action are more limited in scope than and primarily distinct from the factual questions involved in the actions in the transferee district. Therefore, these defendants contend, the Missouri action is inappropriate for inclusion in the centralized pretrial proceedings. In addition, these defendants and the other opponents of transfer request that the Panel defer decision on the question of transfer pending the resolution of various motions to dismiss that have been filed in these five actions on grounds of improper jurisdiction or venue or of failure to state a claim on which relief may be granted.
We find these arguments unpersuasive. The national conspiracy alleged in some of the actions in the transferee district naturally encompasses the statewide conspiracy alleged in each of the present five actions, and therefore these five actions and the actions in the transferee district clearly involve many common questions of fact. As a result, discovery and other pretrial pro *1301 ceedings essential to development of the claims in each of the present actions will overlap discovery and other pretrial proceedings that are integral to the actions in the transferee district. Inclusion of the present five actions in the centralized pretrial proceedings is thus necessary in order to prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings and streamline all other pretrial proceedings. See In re Airport Car Rental Antitrust Litigation, 459 F.Supp. 1006, 1007 (Jud.Pan.Mult.Lit.1978). In addition, the statewide classes for which representation is sought in each of these five actions are encompassed within the national class for which representation is being sought in the transferee district. Transfer is especially important to ensure consistent treatment of the class action issues. See In re Hawaiian Hotel Room Rate Antitrust Litigation, 438 F.Supp. 935, 936 (Jud.Pan.Mult.Lit.1977).
We see no reason to defer decision on the question of transfer because of the pendency of certain motions for dismissal in these actions. These motions can be presented to and decided by the transferee court following transfer. See, e. g., In re Sinking of the Motor Vessel Ukola, 462 F.Supp. 385, 387 (Jud.Pan.Mult.Lit.1978), In re Commonwealth Oil/Tesoro Petroleum Securities Litigation, 458 F.Supp. 225, 230 (Jud.Pan.Mult.Lit.1978).
IT IS THEREFORE ORDERED that the actions entitled State of Missouri v. Portland Cement Association, et al., W. D. Missouri, C. A. No. 78-4192-CV-C; State of Utah v. Portland Cement Association, et al., D. Utah, C. A. No. C78-0429; State of Nebraska v. Portland Cement Association, et al., D. Nebraska, C. A. No. CV78-L-242; State of New Mexico v. Portland Cement Association, et al., D. New Mexico, C. A. No. CIV-78-808-C; and State of Montana v. Portland Cement Association, et al., D. Montana, C. A. No. CV-78-72BU, be, and the same hereby are, transferred to the District of Arizona and, with the consent of that court, assigned to the Honorable C. A. Muecke for inclusion in the coordinated or consolidated pretrial proceedings occurring there.