**In re Multidistrict Private Civil Treble Damage Litigation Involving GYPSUM WALLBOARD.**

*State of Arizona, etc.* v. *United States Gypsum Company, et al.* (D. Arizona, Civil Action No. Civ–70–169–PHX.) N. D. California, Civil Action No. C–70 865 AJZ.

**No. 14.**

Judicial Panel on Multidistrict Litigation.

April 7, 1972.

See also, Jud.Pan.Mult.Lit., 303 F. Supp. 510.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The State of Arizona brought an action against United States Gypsum and other producers of gypsum wallboard and was transferred, pursuant to 28 U. S.C. § 1407(a), to the Northern District of California for coordinated or consolidated pretrial proceedings before the Honorable Alfonso J. Zirpoli. Arizona moves the Panel for severance of the second cause of action in its complaint and for remand of same to the District

of Arizona for separate proceedings. United States Gypsum Company, the only named defendant in Arizona's second cause of action, opposes remand.[1] We deny Arizona's motion because a proper showing has not been made for remand.

Arizona's complaint asserts two causes of action. The first alleges violations of the federal antitrust laws[2] by United States Gypsum Company (hereinafter "USG") and six other gypsum companies. In its second cause of action Arizona alleges that USG has transacted business in Arizona since 1942 without having qualified as a foreign corporation as allegedly required by Arizona statutes. Federal jurisdiction over the second cause of action is asserted on the theory of pendent jurisdiction.

USG has filed a motion for summary judgment in the transferee court asserting that Arizona's second cause of action fails to state a claim upon which relief can be granted. Judge Zirpoli declined to hear that motion until Arizona had an opportunity to file a motion for remand with the Panel, with the understanding that if the Panel denied Arizona's motion he would hear USG's motion for judgment on the pleadings at the next pretrial conference.

In support of its motion for remand, Arizona argues that discovery underlying its second cause of action will be centered in Arizona, that only issues involving Arizona statutory and case law are raised and that those issues are best resolved by the United States District Court in Arizona. In light of USG's motion for summary judgment, however, the motion for remand is premature.

 We remand an action or separable claim prior to completed pretrial proceedings only upon a showing of good

---

* Although Judges Robson and Lord were not present at the hearing, they have, with the consent of all parties, participated in this decision.

1. Neither party appeared at the hearing held and each informed the Panel that the motion could be decided on the basis of the briefs submitted.

2. Sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 and 2).

cause. Arizona has not demonstrated to us that remand at this time would promote the just and efficient conduct of this litigation. We think the most efficacious course to follow is to allow Judge Zirpoli to rule on the summary judgment motion.[3] Indeed, Judge Zirpoli's familiarity with this litigation affords the parties the opportunity of an expeditious resolution of USG's motion.

It is therefore ordered that Arizona's motion for remand of its action against the United States Gypsum Company be, and the same hereby is, denied.

---

3. No party questions the transferee judge's authority to rule on summary judgment motions. *See* H.R.Rep. No. 1130, 90th Cong., 2d Sess. 3 (1968); In re Antibiotic Antitrust Actions, 333 F.Supp. 299, 303 (S.D.N.Y.1971).