### In re CBS COLOR TUBE PATENT LITIGATION.

*COLUMBIA BROADCASTING SYSTEM v. ZENITH RADIO CORP. and The Rauland Corp.*, (N.D.Ill. 71 C 687) D. Mass. Civil Action No. 69–4.

**No. 69.**

Judicial Panel on Multidistrict Litigation.
May 16, 1972.

---

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

Columbia Broadcasting System ("CBS") brought a patent infringement suit in the Northern District of Illinois against Zenith Radio Corporation and The Rauland Corporation, a wholly owned subsidiary of Zenith. Defendants filed a counterclaim under the Declaratory Judgment Act asking that the pat-

<hr />

* Although Judges Wisdom and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

ents in suit be declared invalid and not infringed. Pursuant to a previous determination, the Panel transferred the Illinois action to the District of Massachusetts for coordinated or consolidated pretrial proceedings before Chief Judge Andrew A. Caffrey.[1] Defendants have moved the Panel for remand of the Zenith case to the Northern District of Illinois for further pretrial proceedings and trial. We deny defendants' motion for remand.

All but two of the patent infringement actions brought by CBS and consolidated for pretrial proceedings under Section 1407 have settled. Only the Zenith case and an action against Northeastern Distributors, Inc. (Zenith's exclusive distributor) remain before Judge Caffrey. And defendants assert that, under existing case law, the action brought by CBS against Northeastern is governed, as to outcome, by the main litigation between CBS (the patentee) and Zenith (the alleged infringing manufacturer). Thus, defendants argue that the CBS Color Tube Patent Litigation has ceased to be "multidistrict litigation" and that remand at this time will afford the judge who will ultimately try the case the opportunity to supervise the remaining discovery and become familiar with the litigation.

CBS opposes the motion for remand. CBS has a motion pending before Judge Caffrey to have the counterclaim filed by defendants in the Northern District of Illinois severed and transferred under 28 U.S.C. § 1404(a) to the District of Massachusetts for trial. It argues that Judge Caffrey should be allowed the opportunity to dispose of that motion before the question of remand is decided by the Panel. We agree.

A transferee judge under Section 1407 has the responsibility for all pretrial proceedings in litigation assigned to him and the motion before Judge Caffrey is

<hr />

1. In re CBS Color Tube Patent Litigation, 329 F.Supp. 540 (Jud.Pan.Mult.Lit. 1971).

certainly a "pretrial" motion.[2] In view of the pendency of that motion, we expressly refrain from granting this motion for remand and interfering in matters within the discretion of the transferee judge.[3] Furthermore, we are not convinced by defendants' arguments that an action, in which discovery is not yet completed, should be remanded simply because all other consolidated cases in the transferee court have been dismissed or terminated in some way.

We remand an action prior to the completion of pretrial proceedings only upon a showing of good cause. Defendants have not persuaded us that remand at this time would promote the just and efficient conduct of the litigation.

It is therefore ordered that defendants' motion to remand Columbia Broadcasting System v. Zenith Radio Corp. and The Rauland Corp., (Northern District of Illinois, 71 C 687) District of Massachusetts, Civil Action No. 69–4, to the Northern District of Illinois be, and the same hereby is, denied.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

2.  *See* In re Antibiotic Drugs Litigation, 333 F.Supp. 299 (S.D.N.Y.1971) petition for writ of mandamus denied sub nom. Pfizer, Inc. v. Lord, 447 F.2d 122 (2d Cir. 1971).

3.  *Cf.* In re Gypsum Wallboard Litigation, 340 F.Supp. 990 (Jud.Pan.Mult.Lit.1972).