**In re SOUTH CENTRAL STATES BAK-ERY PRODUCTS ANTITRUST LITIGATION.**

**No. 282.**

Judicial Panel on Multidistrict Litigation.

July 11, 1977.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,* JOSEPH S. LORD, III,* STANLEY A. WEIGEL and ANDREW A. CAFFREY, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation consists of six actions pending in three federal districts: three in the Eastern District of Texas (*Missildine I, Missildine II* and *Johnson*); two in the Western District of Louisiana (*Hinten* and *Riddle*); and one in the Middle District of Louisiana (*Miller's*). All six actions are private treble damage antitrust actions brought on behalf of various classes of bakery products purchasers.

These actions stem from four indictments returned on February 28, 1975, by a grand jury in the Middle District of Louisiana. Each indictment charged various producers of bakery products with conspiring to restrain trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, in one of four geographical areas in Louisiana or in and around Louisiana: the Shreveport-Texarkana market; the Baton Rouge market; the Monroe market; or the Lafayette-Lake Charles-Alexandria market. The four indictments named a total of nine defendants, including one defendant common to all four indictments and another defendant common to two of the indictments. These criminal actions have now been terminated. Some defendants plead nolo contendere to the charges, and the remaining defendants named in the Baton Rouge area indictment were acquitted by a jury in August 1975. Thereafter, the other criminal charges were dismissed on double jeopardy grounds.

The Government also filed in the Middle District of Louisiana four companion civil actions in which it seeks injunctive relief against the bakery producers. These civil actions are still pending.

*Missildine I*, pending in the Eastern District of Texas, was the first private action filed. Plaintiff in this action alleges a single conspiracy in a wide-ranging market consisting of the entire geographic area in which any of the defendants and certain identified and unidentified co-conspirators sold bakery products. Although the precise boundaries of this market are unclear, it appears to encompass the four market areas outlined in the indictments as well as additional areas. Named as defendants, however, are only the three defendants included in the Shreveport-Texarkana indictment. The alleged class includes all purchasers of bakery products within this market from any of the defendants or co-conspirators.

*Missildine II* recently was filed in the Eastern District of Texas. The substantive and class allegations in the complaint in *Missildine II* track the allegations of the complaint in *Missildine I*, but the defendants named in *Missildine II* are the six producers that were indicted by the Government and not named as defendants in *Missildine I*.

The complaint in *Johnson*, also pending in the Eastern District of Texas, includes the same defendants named in *Missildine I*. The allegations in the *Johnson* complaint track those of the Government's Shreveport-Texarkana indictment and focus exclusively on that market. A class of all retail grocers in the Shreveport-Texarkana market has been certified in *Johnson*. Class members were given notice that they had until October 15, 1976, to request exclusion from the class.

On May 3, 1976, orders were entered in *Missildine I* and *Johnson*[1] providing that relevant discovery made in one action may be used in the other. At a pretrial hearing on August 9, 1976, the judge to whom *Missildine I* is assigned heard argument on motions to consolidate *Johnson* and *Missildine I*. The judge stated from the bench that while he agreed that the two actions should be consolidated, he could not consoli-

---

* Judges Becker and Lord took no part in the consideration or decision of this matter.

1. These two actions are assigned to different judges in the Eastern District of Texas.

date them unilaterally. Shortly thereafter, the judge to whom *Johnson* is assigned entered an order denying a renewed motion to consolidate these two actions. There is now pending in the United States Courts of Appeals for the Fifth Circuit a petition for a writ of mandamus to compel consolidation of *Missildine I* and *Johnson*. The Fifth Circuit Court of Appeals first stayed *Missildine I* and *Johnson* pending the mandamus decision, and then recently stayed the mandamus proceeding pending the Panel's decision under Section 1407.

The complaint in *Hinten*, pending in the Western District of Louisiana, is patterned after the Government's indictment pertaining to the Monroe market, and names the same three defendants included by the Government in its Monroe market indictment. *Hinten* is brought on behalf of a class of all purchasers of bakery products in the Monroe market area. On the same day that *Hinten* was filed, *Riddle* was also commenced in the Western District of Louisiana. The complaint in *Riddle* tracks the Government's factual allegations concerning the Lafayette-Lake Charles-Alexandria market, and includes the same three defendants that the Government named in its Lafayette-Lake Charles-Alexandria market indictment. *Riddle* is brought on behalf of a class of all purchasers of bakery products in the Lafayette-Lake Charles-Alexandria market area.

Finally, *Miller's*, pending in the Middle District of Louisiana, involves allegations taken almost entirely from the Government's indictment covering the Baton Rouge market. *Miller's* includes as defendants only the four producers named by the Government in its Baton Rouge market indictment. *Miller's* is brought as a class action on behalf of all purchasers of bakery products in the Baton Rouge market area.

A group of four defendants known collectively as the Cotton companies [2] moves the Panel for an order pursuant to 28 U.S.C. § 1407 transferring *Missildine I* and *II*, *Johnson* and *Miller's* to the Western District of Louisiana for coordinated or consolidated pretrial proceedings with *Hinten* and *Riddle*. Plaintiffs in the four actions other than *Missildine I* and *II* oppose transfer of these actions, and Huval Baking Co., Inc., a defendant in three of the actions, objects to transfer of some of the actions.

We find that these actions involve common questions of fact and that transfer of *Missildine I* and *II*, *Johnson*, *Hinten* and *Riddle* under Section 1407 to the Middle District of Louisiana for coordinated or consolidated pretrial proceedings with *Miller's* will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs in the four actions other than *Missildine I* and *II* argue that *Johnson* is inappropriate for inclusion in Section 1407 proceedings because pretrial in this action is well advanced. These plaintiffs also maintain that the Panel should give deference to the determination of the Texas district court declining to consolidate *Johnson* and *Missildine I*. In addition, plaintiffs point out that pursuant to the orders of May 3, 1976, discovery in both actions already may be used interchangeably to the extent that it is relevant. These plaintiffs and defendant Huval also assert that the actions in this litigation involve separate alleged conspiracies and that plaintiff in *Missildine I* and *II* cannot properly bring its actions on behalf of purchasers in an overall market which encompasses the separate markets involved in each indictment.

▆ We are not persuaded by these arguments. The two *Missildine* complaints taken together allege an overall conspiracy among all defendants in this litigation that encompasses the markets covered in *John-*

2. One or more of the Cotton companies is named as a defendant in each of the actions in this litigation.

son, *Hinten, Miller's* and *Riddle,* plus some additional territory. Likewise, the classes alleged in the two *Missildine* complaints embrace the classes purported or determined in the other four actions.[3] Thus, common factual questions are prevalent and transfer of these actions to a single district under Section 1407 is necessary in order to prevent duplicative discovery, eliminate the possibility of inconsistent or overlapping class determinations and otherwise streamline the pretrial proceedings. *See In re Sugar Industry Antitrust Litigation,* 395 F.Supp. 1271, 1272–73 (Jud.Pan.Mult.Lit. 1975). Furthermore, we observe that procedures are available whereby any discovery heretofore completed in *Johnson* or any other action may be made available to all interested parties in all actions. *Cf. Manual for Complex Litigation,* Parts I & II, §§ 3.11 (rev.ed.1973).

■ We note that the transfer we are herewith ordering has no effect either on the determination of the Texas court declining to consolidate *Johnson* and *Missildine I* or on the mandamus proceeding concerning that determination which is currently pending before the Court of Appeals for the Fifth Circuit. The Panel's function under Section 1407 is to decide in the first instance whether to *transfer* actions for coordinated *or* consolidated pretrial proceedings. Whether and to what extent the pretrial proceedings in the transferred actions will be coordinated or consolidated is the function of the transferee judge. Clearly the term "coordinated" and the term "consolidated" denote different judicial functions. And we are of the view that a judge deciding whether to consolidate actions for *all purposes* is necessarily performing a different judicial function than a transferee judge who is supervising coordi-

nated or consolidated *pretrial* proceedings under Section 1407. It is for the transferee judge in fashioning a pretrial program that takes into account the different facets and nuances of the litigation to determine what effect to give the Texas court's determination declining to consolidate *Missildine I* and *Johnson,* subject of course to any appellate mandate. *See In re Equity Funding Corporation of America Securities Litigation,* 375 F.Supp. 1378, 1384 (Jud.Pan.Mult. Lit.1974).

■ Each of the three districts in which actions are pending in this litigation has been suggested by various parties as an appropriate transferee district. While no district clearly stands out as the most appropriate transferee forum, on balance we are persuaded that the Middle District of Louisiana is most preferable. The Honorable E. Gordon West, to whom *Miller's* has been assigned in the Middle District of Louisiana, is uniquely well-acquainted with the facts involved in this litigation. Judge West had supervisory jurisdiction over the grand jury that returned the indictments upon which much of this litigation is premised. He also accepted the pleas of nolo contendere entered by some defendants, and presided over the only criminal trial held. In addition, Judge West continues to supervise the four Government civil actions that are pending in the Middle District of Louisiana. Thus, he is in the best position to supervise these actions toward their most just and expeditious conclusion. *See In re Griseofulvin Antitrust Litigation,* 395 F.Supp. 1402, 1403 (Jud.Pan.Mult.Lit. 1975).

IT IS THEREFORE ORDERED that the actions listed on the following Schedule A and pending in districts other than the Mid-

---

**3.** Whether the two *Missildine* actions can be maintained on behalf of the overall class alleged therein is a matter properly within the purview of the transferee judge and beyond the scope of the Panel's authority under Section 1407.

dle District of Louisiana be, and the same hereby are, transferred to the Middle District of Louisiana and, with the consent of that court, assigned to the Honorable E. Gordon West for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the action already pending there and listed on Schedule A.

SCHEDULE A

### Western District of Louisiana

| | |
|---|---|
| Daniel D. Riddle d/b/a Riddle's Restaurants, et al. v. Huval Baking Co., Inc., et al. | Civil Action No. 76–1125 |
| Betty Hinton d/b/a Betty's Grocery, et al. v. Colonial Baking Co. of El Dorado, et al. | Civil Action No. 76–1124 |

### Middle District of Louisiana

| | |
|---|---|
| Miller's Food Corp., et al. v. Cotton's, Inc., et al. | Civil Action No. 76–329 |

### Eastern District of Texas

| | |
|---|---|
| James L. Missildine, etc. v. Ideal Baking Company of Paris, Inc., et al. | Civil Action No. P 75–14–CA |
| James Lloyd Johnson, Jr., et al. v. Ideal Baking Company of Paris, Inc., et al. | Civil Action No. M 76–10–CA |
| James L. Missildine, etc. v. Cotton's Inc., et al. | Civil Action No. P–76–47–CA |