In re HELICOPTER CRASH IN GER-
MANY ON SEPTEMBER 26, 1975.

No. 297.

Judicial Panel on Multidistrict Litigation.

Jan. 24, 1978.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY, and ROY W. HARPER, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

I. BACKGROUND OF THE LITIGATION

On September 26, 1975, a helicopter crash occurred in West Germany causing the deaths of a number of military personnel. This litigation involves actions stemming from those deaths.

At a hearing on February 25, 1977, the Panel considered the motion of United Technologies Corporation (United) to transfer, pursuant to 28 U.S.C. § 1407, one action in this litigation from the Southern District of Florida to the Eastern District of California, where eight related actions were pending. At that time, no party objected to transfer under Section 1407 or to the selection of the Eastern District of California as the transferee forum. United, as the manufacturer of the helicopter that crashed, was the sole defendant in each of those nine actions and was charged with negligence in the manufacture, testing, distribution and sale of the helicopter; with breach of warranties; and with falsely representing that the helicopter would do the job for which it was intended. On the basis of the record then presented, the Panel agreed with the parties that those nine actions involved common questions of fact and that the criteria for transfer under Section 1407 had otherwise been satisfied. By an order entered on March 16, 1977, the Panel transferred the action in the Southern District of Florida to the Eastern District of California for coordinated or consolidated pretrial proceedings with the eight actions pending there. This litigation was assigned to the Honorable Philip C. Wilkins.

Subsequently, six more actions that arise from the German crash have been filed: five in the District of Connecticut (the Connecticut actions) and one in the Southern District of Florida (the Florida action). In the Connecticut actions, liability is asserted against United and General Electric Company (G.E.), the manufacturer of the helicopter's engines, on grounds of strict liability in tort, negligence, and breach of warranty. The Florida action is also brought against both G.E. and United. In that action, the defendants are charged with breach of warranties and with negligence in the design, construction, testing, sale and servicing of the aircraft.

Because the Connecticut actions appeared to share questions of fact with the previous-

ly centralized actions, the Panel, on October 4, 1977, ordered the parties to show cause why those five actions should not be transferred to the Eastern District of California for inclusion in the coordinated or consolidated pretrial proceedings.[1] United opposes transfer of these actions to the California forum and has moved the Panel to reconsider its March 16, 1977 order and to retransfer the litigation to the District of Connecticut. United also moves for transfer of the Florida action to the District of Connecticut or, if retransfer is denied, to the Eastern District of California. Plaintiffs in the five Connecticut actions oppose transfer of those actions to the California forum. G.E. opposes transfer or retransfer of any action in this litigation from the district in which each action is now pending. The plaintiffs in the actions in the transferee district move the Panel to retransfer all actions in this litigation to another federal district in California. The plaintiffs in the Florida action defer to the Panel on this matter.

## II. HOLDING AND REASONING

Because of extraordinary developments in this litigation, the Panel has found it necessary to reexamine its initial transfer order of March 16, 1977. We have therefore treated United's motion regarding retransfer and reconsideration of that transfer order as a rehearing of United's original motion to transfer the actions in this litigation to a single forum for coordinated or consolidated pretrial proceedings and also as a rehearing of our original selection of the Eastern District of California as the transferee district. Upon consideration of the papers submitted and the oral arguments heard, we find that the Connecticut and Florida actions share factual questions with the actions now pending in the Eastern District of California and that transfer, pursuant to 28 U.S.C. § 1407, of all actions in this litigation to the District of Connecticut for coordinated or consolidated pretrial proceedings with the actions pending there will best serve the convenience of the par-

---

1. *See* Rule 10(b), R.P.J.P.M.L., 65 F.R.D. 253, 260 (1975).

ties and witnesses and promote the just and efficient conduct of this litigation. To that end, we vacate the original order of transfer to the Eastern District of California, and we order all actions in this litigation transferred to the District of Connecticut.

### A. Inclusion of the Connecticut and Florida Actions in the Coordinated or Consolidated Pretrial Proceedings

G.E. is the only party that objects to the inclusion of the Connecticut and Florida actions in the coordinated or consolidated pretrial proceedings, regardless of the district that is designated as the transferee forum. G.E. admits that all actions in this litigation involve common questions of fact, but G.E. asserts that, as to itself, there are no common questions of fact between the actions to which G.E. is a party (the Connecticut and Florida actions) and the actions to which G.E. is not a party (the actions in the Eastern District of California). G.E. further states that it opposes centralization of all actions because: (i) pretrial proceedings in the actions in the Eastern District of California may be further advanced than pretrial proceedings in the Connecticut and Florida actions; (ii) different conflict of law rules will apply to actions presently pending in different districts; and (iii) G.E. would be prejudiced by confusion arising from inclusion in one transferee district of actions in which G.E. is a defendant with actions in which G.E. is not a defendant.

■ The mere presence of G.E. in some actions as a defendant in addition to United does not warrant the exclusion of those actions from coordinated or consolidated pretrial proceedings. *See In re Celotex Corporation "Technifoam" Products Liability Litigation*, 68 F.R.D. 502, 505 (Jud.Pan. Mult.Lit.1975). All actions in this litigation involve key common factual questions concerning the causes of the crash of the helicopter in Germany, and the pretrial proceedings regarding these questions will af-

fect the liability of both United and G.E. Transfer under Section 1407 of all the actions is thus necessary in order to prevent duplication of discovery and eliminate the possibility of inconsistent pretrial rulings.

■ We recognize that discovery of G.E. may be separate from and less extensive than that of United, but G.E. need not participate in discovery which G.E. believes will not affect its interests. *See, e. g., Manual for Complex Litigation*, Part I, § 2.31 (rev. ed. 1977). Also, relevant discovery heretofore completed in the Eastern District of California may be made applicable to the Connecticut and Florida actions by utilizing the procedures recommended in the *Manual, id.* at Part I, § 3.11. *See also In re Petroleum Products Antitrust Litigation*, 419 F.Supp. 712, 719 (Jud.Pan.Mult. Lit.1976).[2] And although various actions may raise legal issues regarding application of the law of different states, this is an insufficient ground for denying transfer of this litigation under Section 1407 since such issues can be presented to and resolved by the transferee judge. *See In re Air Crash Disaster at Boston, Massachusetts, on July 31, 1973,* 399 F.Supp. 1106, 1108 (D.Mass. 1975); *In re Air Crash Disaster Near Papeete, Tahiti, on July 22, 1973,* 397 F.Supp. 886, 887 n. 2 (Jud.Pan.Mult.Lit.1975).

### B. The Transferee District

When the Panel originally transferred this litigation to the Eastern District of California, there was no dispute among the parties then in the litigation over the selection of the transferee forum. Unlike air disaster litigation involving crashes occurring within the United States, which we have usually transferred to the district of the situs of the crash, there are as yet no general rules that govern our selection of a transferee court for litigation involving overseas air disasters. *See In re Air Crash Disaster Near Saigon, South Vietnam, on April 4, 1975,* 404 F.Supp. 478, 479 (Jud.Pan. Mult.Lit.1975). While the Eastern District

---

**2.** Of course all discovery processes in progress and all orders of the Eastern District of California and the Southern District of Florida remain in effect unless and until modified by the new transferee judge in the District of Connecticut. *See In re Plumbing Fixture Cases,* 298 F.Supp. 484, 489, 496 (Jud.Pan.Mult.Lit.1968).

of California possessed no strong nexus to the common factual issues in the present litigation, the Panel was nevertheless persuaded that that district was an appropriate transferee forum because of the unanimity of opinion among the parties and because of the Panel's traditional reluctance to select as the transferee forum a district in which no related action is pending. *See, e. g., In re Air Crash Disaster Near Papeete, Tahiti, on July 22, 1973, supra,* 397 F.Supp. at 887.

■ Although the Panel remains extremely reluctant to order retransfer of a litigation, *see In re Petroleum Products Antitrust Litigation, supra,* 419 F.Supp. at 718–20, we are persuaded that the changed circumstances in this particular litigation now make the District of Connecticut the appropriate transferee forum. The posture of this matter has been altered by the addition of six new actions, five of which are pending in the District of Connecticut, and all of which name G.E. as an additional defendant. Little pretrial activity has already occurred in the Eastern District of California, and relatively few documents and witnesses relevant to the crash are located in California. Connecticut, on the other hand, is where United is headquartered, where United's helicopter division is located, where the helicopter frame was manufactured and where the helicopter was assembled. Additionally, the plant where G.E. manufactures its helicopter engines is located in the adjoining State of Massachusetts. Thus, most of the documents and witnesses concerning the central issues of helicopter design, manufacture, testing, distribution and sale will be found in or near Connecticut.

■ While a sufficient showing has been made for us to conclude that the just and efficient conduct of this particular litigation can best be accomplished by transfer of all actions to the District of Connecticut, we reiterate our expectation that the coalescence of new circumstances and development sufficient to warrant retransfer of litigations will continue to occur only in the most extraordinary instances.

IT IS THEREFORE ORDERED that the previous transfer order in this litigation, entered on March 16, 1977, be, and the same hereby is VACATED, insofar as that order relates to the designation of the Eastern District of California as the transferee district for this litigation.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A and pending in districts other than the District of Connecticut be, and they hereby are, transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Jon O. Newman for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A
#### Eastern District of California

| | |
|---|---|
| Miriam Hopkins Weaver & Joseph R. Weaver v. United Technologies Corp. | Civil Action No. S76–250 |
| Liza Lee Donaldson & Jody Stoffel Donaldson v. United Technologies Corp. | Civil Action No. S76–251 |
| Ann Dinneen v. United Technologies Corp. | Civil Action No. S76–252 |
| Babette Donaldson v. United Technologies Corp. | Civil Action No. S76–253 |
| Evelyn Kerry, et al. v. United Technologies Corp. | Civil Action No. S76–358 |
| Christiane E. Driscoll, et al. v. United Technologies Corp. | Civil Action No. S76–503 |
| Cheryl L. Russell v. United Technologies Corp. | Civil Action No. S76–504 |
| Andrea Elliott, et al. v. United Technologies Corp. | Civil Action No. S76–509 |
| Twila Pentico, etc. v. United Technologies Corp. | Civil Action No. S77–159–PCW |

#### District of Connecticut

| | |
|---|---|
| Sumner L. Kerry v. United Technologies Corp., et al. | Civil Action No. B77–293 |
| Katherine A. Wallbillig v. United Technologies Corp. | Civil Action No. B77–295 |
| Corrine V. Hoke v. United Technologies Corp., et al. | Civil Action No. B77–296 |
| Patricia Anne Elder v. United Technologies Corp., et al. | Civil Action No. B77–297 |
| Irene Goerig v. United Technologies Corp., et al. | Civil Action No. B77–298 |

#### Southern District of Florida

| | |
|---|---|
| Sandra Stone f/k/a Sandra Sindoni v. General Electric Co., et al. | Civil Action No. 77–2618–Civ–CA |