462 F.Supp. 388 (1978)
In re SOUTH CENTRAL STATES BAKERY PRODUCTS ANTITRUST LITIGATION.
James L. Missildine, etc. v. Ideal Baking Company of Paris, Inc., et al., M.D. Louisiana, C.A. No. 77-283.
James L. Missildine, etc. v. Cotton's Inc., et al., M.D. Louisiana, C.A. No. 77-285.
No. 282.
Judicial Panel on Multidistrict Litigation.
December 18, 1978.
*389 Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD,[*] EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY and ROY W. HARPER, Judges of the Panel.

OPINION AND ORDER
PER CURIAM.
This litigation consists of six private treble damage antitrust actions brought on behalf of various classes of bakery products purchasers. The Panel, pursuant to 28 U.S.C. § 1407, previously transferred five of these actions to the Middle District of Louisiana and, with the consent of that court, assigned them to the Honorable E. Gordon West for coordinated or consolidated pretrial proceedings with an action already pending in that district. In re South Central States Bakery Products Antitrust Litigation, 433 F.Supp. 1127 (Jud.Pan.Mult.Lit. 1977). Concerning the selection of the transferee district, the Panel stated as follows:
Each of the three districts in which actions are pending in this litigation has been suggested by various parties as an appropriate transferee district. While no district clearly stands out as the appropriate transferee forum, on balance we are persuaded that the Middle District of Louisiana is most preferable. The Honorable E. Gordon West, to whom [an action] has been assigned in the Middle District of Louisiana, is uniquely well-acquainted with the facts involved in this litigation. Judge West had supervisory jurisdiction over the grand jury that returned the indictments upon which much of this litigation is premised. He also accepted the pleas of nolo contendere entered by some defendants, and presided over the only criminal trial held. In addition, Judge West continues to supervise the four Government civil actions that are pending in the Middle District of Louisiana.[1] Thus, he is in the best position to supervise these actions toward their most just and expeditious conclusion.
Id. at 1130 (citation omitted; footnote not in original).
At the time of the Panel's transfer order, a class consisting of all retail grocers in the so-called Shreveport-Texarkana market had *390 been certified in one of the actions. Id. at 1128. Pretrial proceedings on the requests for class designation in the other five actions have since progressed in the transferee court. On August 10, 1978, however, plaintiffs in four of the actions in the transferee district, including the action in which a class has been certified, in a letter to counsel for all other parties, expressed their intention to seek dismissal of those four actions with prejudice. No formal motions to dismiss have yet been filed.
On August 28, 1978, Judge West, on his own motion, recused himself from further participation in this litigation and requested the Panel to appoint another judge to conduct coordinated or consolidated pretrial proceedings in these actions. On September 7, 1978, the Panel reassigned this litigation to the Honorable Charles Schwartz, Jr., of the Eastern District of Louisiana, sitting by designation pursuant to 28 U.S.C. § 292(b) in the Middle District of Louisiana.
The plaintiff in the two above-captioned actions (Missildine actions)[2] has moved the Panel to (1) remand those two actions to the Eastern District of Texas, or (2) reconsider its original opinion and order in this litigation and retransfer the litigation to the Eastern District of Texas.[3] Each of the nine defendants named in the actions in the transferee district opposes this motion. The plaintiffs who expressed their intention to seek dismissal of their actions have taken no position on the motion before the Panel. We deny the motion because a proper showing has not been made for either remand or retransfer.
Movant contends that the sole reason for the Panel's selection of the Middle District of Louisiana as the transferee forum was Judge West's familiarity with the facts involved in this litigation. The recusal of Judge West and the intended dismissal of four of the six actions in this litigation, which would leave only the Missildine actions, dissolve the rationale for conducting coordinated or consolidated pretrial proceedings in that forum, movant urges. Moreover, movant maintains, discovery documents have not been accumulated in that district by the parties, and a number of defendants have expressed an intention to produce documents at their respective business offices located outside that district. Under these circumstances, movant argues, remand of the Missildine actions is appropriate.
Movant asserts that even if the other four actions in this litigation are not dismissed, the Eastern District of Texas is the most appropriate forum in which to conduct the coordinated or consolidated pretrial proceedings, and this litigation should be retransferred there. Movant offers no arguments in support of his contention that the Eastern District of Texas is a more appropriate transferee forum, however.
We find these arguments unpersuasive. We will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause. See In re CBS Color Tube Patent Litigation, 342 F.Supp. 1403, 1405 (Jud.Pan.Mult.Lit.1972). Movant here has failed to make any such showing. We note that, on the basis of the record before us, there can be no assurance that the four actions in the transferee district other than the Missildine actions will be dismissed.[4] If motions for dismissal are filed in those four actions, consideration of *391 those motions by the transferee court would require further proceedings in accordance with Rule 23(e), Fed.R.Civ.P. in the action in which a class has already been certified, and proceedings concerning the applicability of Rule 23(e) in the other three actions.[5]See also Roper v. Consurve, Inc., 578 F.2d 1106, 1110 (5th Cir. 1978). Furthermore, the class on whose behalf certification is sought in the Missildine actions includes the members of the one class already certified and the members of the three purported classes in the other four actions in the transferee district. In re South Central States Bakery Products Litigation, supra, 433 F.Supp. at 1128-29. Thus, remand of the Missildine actions at the present time would be premature, and retention of those actions before the transferee court is necessary to promote the just and efficient conduct of the entire litigation.
In the past we have noted that motions to retransfer will be granted only in the most extraordinary instances. See In re Helicopter Crash in Germany on September 26, 1975, 443 F.Supp. 447, 450 (Jud.Pan.Mult. Lit.1978); In re Air Crash Disaster in the Ionian Sea on September 8, 1974, 438 F.Supp. 932, 934 (Jud.Pan.Mult.Lit.1977); In re Midwest Milk Monopolization Litigation, 435 F.Supp. 930, 932 (Jud.Pan.Mult. Lit.1977). We find no basis for retransfer here.
IT IS THEREFORE ORDERED that the motion for remand or retransfer pursuant to 28 U.S.C. § 1407 of the actions entitled James L. Missildine, etc. v. Ideal Baking Company of Paris, Inc., et al., M. D. Louisiana, C.A. No. 77-283, and James L. Missildine, etc. v. Cotton's Inc., et al., M. D. Louisiana, C.A. No. 77-285, be, and the same hereby is; DENIED.
NOTES
[*] Judge Weinfeld did not participate in the decision of this matter.
[1] These Government civil actions have now been concluded.
[2] Plaintiff in the Missildine actions has not expressed an intention to seek dismissal of those actions.
[3] Alternatively, movant requested that the Panel appoint a judge from the Eastern District of Texas to preside over the Section 1407 proceedings in the Middle District of Louisiana. This aspect of movant's motion was mooted, however, by the Panel's designation of Judge Schwartz as transferee judge on September 7, 1978.
[4] We also note that some opponents of remand state in their papers before us that additional actions may yet be filed in this litigation, thus necessitating further Section 1407 proceedings. For example, these opponents assert, counsel for plaintiffs in the four actions other than movant's has indicated that certain of the named plaintiffs in those cases may wish to pursue the litigation in individual actions.
[5] For a discussion of the applicability of Rule 23(e) to dismissal of a purported class action during the period between the filing of the action and the class determination, see 7A Wright and Miller, Federal Practice and Procedure § 1797, at 236-37 (1972 ed.).